LODDIE D. BRYAN, JR. v. PROJECTS, INC., CHARLES MORRIS, TRUSTEE AND PEASE AND ELLIMAN REALTY TRUST

No. 7510SC860

(Filed 19 May 1976)

Laborers' and Materialmen's Liens § 1— landscape architect and planning consultant — services improper subject of lien

Plaintiff's professional services as a landscape architect and planning consultant which were first furnished on 7 May 1973 and last furnished on 3 April 1974 were not the proper subject of a laborer's lien. G.S. 44A-7(1).

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 23 July 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 16 February 1976.

Plaintiff alleged in his complaint that defendant Projects, Inc. was the owner of a tract of land in Wake County, while defendant Morris was the trustee and defendant Pease and Elliman Realty Trust was the beneficiary of a deed of trust on this tract. Pursuant to a contract with Projects, Inc., plaintiff had performed "professional services as a landscape architect and planning consultant . . . " in connection with an apartment complex being built on the property at issue. Projects, Inc. failed

to pay plaintiff for services, and a claim of lien was filed to-gether with the complaint, showing that plaintiff's services were first furnished on 7 May 1973 and last furnished on 3 April 1974.

Default judgment was entered against defendant Projects, Inc. Defendants Morris and Pease and Elliman Realty Trust answered and admitted that they had an interest in the property at issue, but denied that plaintiff was entitled to the lien on the property. Plaintiff moved for summary judgment declaring that the default judgment obtained against defendant Projects, Inc. is a lien against the tract of land at issue with priority over the Trustee's Deed conveying the property to the Defendant Pease and Elliman Realty Trust. In support of his motion he presented affidavits and an exhibit tending to show that he had furnished professional services for Projects, Inc. as alleged in the com-plaint, that Projects, Inc. had not paid for these services, and that Projects, Inc. was indebted to him in the amount of $4,322.04.

Defendants Morris and Pease and Elliman Realty Trust submitted no materials in opposition to the motion other than their verified answer. The court denied plaintiff's motion and granted summary judgment for defendants Morris, Trustee, and Pease and Elliman Realty Trust. From this judgment, plaintiff appealed.

*Boyce, Mitchell, Burns & Smith, by Robert E. Smith, for plaintiff.*

*Jordan, Morris and Hoke, by Charles B. Morris, Jr., for defendants.*

MARTIN, Judge.

Plaintiff contends that the court erred in granting sum-mary judgment for defendants. He contends that he is entitled to a laborer's lien for the value of the professional services he performed for Projects, Inc. Although plaintiff recognizes that in *Stephens v. Hicks*, 156 N.C. 239, 72 S.E. 313 (1911), the Supreme Court held that architects are not entitled to a la-borer's lien, he points out that in 1969, the laborer's lien statutes were completely rewritten. As rewritten, G.S. 44A-8 provided that "[a]ny person who performs or furnishes labor . . . pur-suant to a contract . . . with the owner of real property for the

making of an improvement thereon" is entitled to a lien. G.S. 44A-7(2) defines "improvement" in very broad language. In view of this broad definition, plaintiff argues, the 1969 statute should be interpreted to change the result of the Stephens case and allow architects, (including landscape architects), to obtain a lien for their services. He argues that the 1975 amendments to G.S. 44A-7 and 44A-8, expressly providing that architects may obtain a lien for their services, were not intended by the legislature to change the law, but rather to clarify the previously existing meaning of the statute.

Defendants contend that the laborer's lien statute in effect at the time of the *Stephens* decision was as broadly worded as the 1969 statute, and that in adopting the 1969 statute, the General Assembly did not intend to make liens more widely available and overturn the *Stephens* case. Further, defendants contend, the 1975 amendments were not intended to clarify the meaning of the statute, but rather to change its meaning and allow architects to obtain liens when they could not have been obtained before.

Prior to enactment of Chapter 44A of the General Statutes (effective 1 January 1970), there was no question that one providing professional services was not included within the term "mechanic" under the earlier existing lien laws. This matter was settled in 1911 in the case of *Stephens v. Hicks, supra.*

Therefore, we are left to construe the applicable provisions of the new Chapter 44A. The original lien law, G.S. 44-1 which was interpreted in the *Stephens* case, and repealed effective 1 January 1970 read in part:

"Every building built, rebuilt, repaired or improved . . . shall be subject to a lien for the payment of *all debts contracted for work done* on the same. . . . " (Emphasis added).

The pertinent portions of the applicable statutes which become effective 1 January 1970 and were contained in G.S. 44A-7(1) and (2) and G.S. 44A-8 read as follows:

G.S. 44A-7:

"(1) 'Improve' means to build, effect, alter, repair, or demolish any improvement upon, connected with, or on or beneath the surface of any real property, or to excavate, clear, grade, fill or landscape any real property, or to con-

struct driveways and private roadways, or to furnish materials, including trees and shrubbery, for any of such purposes, or to perform any labor upon such improvements.

(2) 'Improvement' means all or any part of any building, structure, erection, alteration, demolition, excavation, clearing, grading, filling, or landscaping, including trees and shrubbery, driveways in private roadways on real property."

G.S. 44A-8:

"Any person who performs or furnishes labor or furnishes materials pursuant to a contract, either express or implied, with the owner of real property, for the making of an improvement thereon shall, upon complying with the provisions of this article, have a lien on such real property to secure payment of all debts owing for *labor done* or material furnished pursuant to such contract." (Emphasis supplied.)

In the latest session of the Legislature amendments to G.S. 44A-7(1) and G.S. 44A-8 were passed. As of July 1, 1975, the effective date of the amendments, these statutes read as follows:

"G.S. 44A-7(1)—'Improve' means to build, effect, alter, repair, or demolish any improvement upon, connected with, or on or beneath the surface of any real property, or to excavate, clear, grade, fill or landscape any real property, or to construct driveways and private roadways, or to furnish materials, including trees and shrubbery, for any of such purposes, or to perform any labor upon such improvements, and shall also mean and include any design or other professional or skilled services furnished by architects, engineers, land surveyors and landscape architects registered under Chapter 83, 89 or 89A of the General Statutes."

"G.S. 44A-8—Mechanics', laborers' and materialmen's liens: persons entitled to lien.—Any person who performs or furnishes labor [or professional design or surveying services] or furnishes materials pursuant to a contract, either express or implied, with the owner of real property, for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a lien on such real property to secure payment of all debts owing *for labor done or professional design or surveying services* or material furnished pursuant to such contract." (Emphasis supplied.)

The plaintiff argues that Chapter 44A of the General Statutes includes services performed by a landscape architect and

that amendments to G.S. 44A-7(1) and 44A-8 enacted by the 1975 Session of the General Assembly were "clarifying" that point. Without a qualifying preamble to the statutory amendments setting forth the reasoning of the Legislature in the enactment of these sections, any argument as to what the Legislature intended in 1969 or in 1975 would be purely speculation. The statutes must be read and interpreted as written. Had the Legislature intended a change in pre-1969 lien law, then it would have been simple to use such terms as "services," or "professional" as was done in the 1975 amendments, including specific statutory reference to the professions included.

Our holding in this case is in accord with our holding in *Wilbur Smith and Associates, Inc. v. South Mountain Properties, Inc., et al* (No. 7525SC869, Filed 19 May 1976).

For the reasons stated, the judgment appealed from is

Affirmed.

Judges BRITT and HEDRICK concur.