FRANK H. CONNER COMPANY v. SPANISH INNS CHARLOTTE, LIMITED, A NORTH CAROLINA LIMITED PARTNERSHIP, EMIL BALL, JERRY M. WHIPPER- FURTH, RICHARD R. HOLCHEK, AND R. C. BENSON, INDIVIDUALLY AND AS GENERAL PARTNERS; ARCHIE C. WALKER, AS TRUSTEE AND WACHOVIA REALTY INVESTMENTS, AN UNINCORPORATED BUSINESS TRUST, AND UNITED LEASING CORPORATION AND WACHOVIA MORTGAGE COM- PANY

No. 7726SC17

(Filed 2 November 1977)

1. **Laborers' and Materialmen's Liens § 1— lien for surveying work—improvement of realty**

    Work performed by a surveying subcontractor in clearing a portion of a building site and placing corner stakes for a building to be constructed by plaintiff on the site constituted labor performed pursuant to and in furtherance of plaintiff's contract to improve real property within the purview of former G.S. 44A-8 and was subject to a lien under that statute; therefore, plaintiff's lien under G.S. 44A-8 relates back to the date such services were performed and has priority over a construction loan deed of trust recorded seven days after such services were performed.

2. **Arbitration and Award § 9— waiver of right to challenge award**

    Appellant construction lender waived its right to challenge an arbitration award which fixed the amount of plaintiff contractor's laborers' and materialmen's lien on defendant owner's property by failing to participate in either the arbitration award hearing or the hearing in superior court which affirmed the award when it had notice of such hearings.

3. **Estoppel § 4.6— action by party to be estopped—reliance by other party**

    Plaintiff was not estopped to assert that its laborers' and materialmen's lien had priority over defendants' construction loan deed of trust because of a

noncommencement affidavit executed by its surveying subcontractor some 14 days after the execution of the deed of trust, since the affidavit was not executed by the party to be estopped and did not induce defendant to act in reliance thereon.

Judge MARTIN dissents.

APPEAL by defendants Wachovia Realty Investments, Wachovia Mortgage Company, and Archie C. Walker, Trustee, from *Snepp, Judge.* Judgment entered 12 November 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 September 1977.

In its complaint filed 26 June 1975 plaintiff, Frank H. Conner Co., alleged three claims for relief against defendants Spanish Inns Charlotte, Ltd., Emil Ball, Jerry M. Whipperfurth, Richard R. Holchek and R. C. Benson, Individually and as General Partners; Archie C. Walker as Trustee; Wachovia Realty Investments; William W. Tennent III, Trustee; United Leasing Corporation; and Wachovia Mortgage Company. In its first claim for relief, which is the only claim involved in this appeal, plaintiff seeks to have an arbitration award declared to be a specific lien on real property pursuant to the provisions of G.S. 44A-8. In its first claim plaintiff alleged that on 4 October 1973 it entered into a contract with defendant Spanish Inns to construct a motel building on the latter's lot for a total price of $1,664,465.00, and that on 27 June 1973 it began to furnish labor and materials pursuant to an earlier agreement which agreement was merged into said contract. The plaintiff further alleged that the defendant, Wachovia Realty Investments, made a construction loan to defendant Spanish Inns and that said loan was secured by a deed of trust to defendant Archie C. Walker, trustee, which was recorded on 29 October 1973. Plaintiff further alleged that the general contract between plaintiff and defendant Spanish Inns "provides that any dispute arising between the plaintiff and the defendant, Spanish Inns Charlotte, Ltd., shall be resolved by arbitration and with respect to the determination of any sum due the plaintiff by the defendant, Spanish Inns Charlotte, Ltd. . . . the same is now subject to an arbitration proceeding having been ordered in the Superior Court Division of the General Court of Justice of Mecklenburg County on February 6, 1975 . . . ."

The defendant Spanish Inns, in its answer filed 8 September 1975, with respect to plaintiff's first cause of action, alleged:

"1. That when this matter was heard on motion for stay of arbitration by these defendants the plaintiff stipulated in open court that the only issue involving these defendants was the plaintiff's right to a statutory lien on the defendants property. These defendants deny that the plaintiff has any right to statutory lien on its property."

The defendants Archie C. Walker, trustee; Wachovia Realty Investments; and Wachovia Mortgage Company in their answer filed 29 August 1975 admitted that the plaintiff and defendant Spanish Inns had entered into a contract on 4 October 1973 and that the dispute between those parties had been submitted to arbitration pursuant to the terms of the contract and order of Superior Court. Wachovia Realty Investments admitted making a construction loan and admitted that it was beneficiary of the deed of trust executed by Spanish Inns to secure the loan recorded 29 October 1973. These defendants denied that plaintiff had furnished any labor or material pursuant to the general contract prior to the recording of the deed of trust securing the construction loan.

The plaintiff and defendants Wachovia Realty Investments; Archie C. Walker, trustee; and Wachovia Mortgage Company, filed motions for summary judgment, and the evidence offered in support of and in opposition to these motions established the following additional facts: Plaintiff is a construction company with its principal place of business in Charlotte, North Carolina. Defendant Spanish Inns Charlotte, Ltd., was the owner of certain property located in Charlotte, North Carolina. On 4 October 1973 plaintiff and defendant Spanish Inns entered into a contract wherein plaintiff as general contractor agreed to construct a six story motel on the property owned by Spanish Inns.

On 17 October 1973 General Surveyors, Inc., a subcontractor for plaintiff, sent employees to the building site "for the purpose of staking the building to be constructed by the plaintiff." On 17, 18 and 22 October 1973 the employees of General Surveyors, Inc., "in performing the work cleared a portion of the building site and partially rough-staked the building site which consisted of locating and installing building corner stakes at the west end of the building plus building line stakes on the south side of the building." General Surveyors, Inc., completed their work on 21 November 1973 and were compensated therefor by plaintiff.

On 29 October 1973 defendants Spanish Inns and Wachovia Realty Investments entered into a construction loan agreement wherein Wachovia Realty Investments agreed to finance the construction of the motel and to advance proceeds at regular intervals for work completed and Spanish Inns executed a deed of trust on the property designating defendant Archie C. Walker as trustee and Wachovia Realty Investments as beneficiary. The deed of trust was duly recorded on the same day.

On 6 May 1975 plaintiff filed a notice and claim of lien on the property in the amount of $543,919.58, the balance allegedly due under the general contract, alleging that the lien should relate back to the date the first services were rendered by General Surveyors, Inc. Pursuant to the terms of the contract the dispute between plaintiff and Spanish Inns as to the amount due on the contract was submitted to an arbitration panel by order of Superior Court dated 6 February 1975. On 12 September 1975 an award of $195,936.00 was rendered by the panel in favor of plaintiff and this award was confirmed by order of the Superior Court dated 23 February 1976.

On 8 November 1976 Judge Snepp denied defendant's motion for summary judgment, and entered summary judgment for plaintiff against Spanish Inns in the amount of $195,936.00 and decreed that the said judgment was a specific lien against the property described in the complaint, and that said lien had priority over the construction loan deed of trust executed by Spanish Inns to Archie C. Walker, trustee, recorded in Book 3629, page 0933, on 29 October 1973. Defendants Wachovia Realty Investments; Archie C. Walker, trustee; and Wachovia Mortgage Company appealed.

*Connor, Lee, Connor, Reece & Bunn by David M. Connor and Cyrus F. Lee; and Wade and Carmichael by J. J. Wade, Jr., for plaintiff appellee.*

*Berry, Bledsoe & Hogewood by Louis A. Bledsoe, Jr. and Dean Gibson; and Womble, Carlyle, Sandridge & Rice by Donald A. Donadio and Kenneth A. Moser for defendant appellants.*

HEDRICK, Judge.

[1] The primary question raised by this appeal is whether the uncontroverted facts established by this record support the judgment declaring that plaintiff's lien dates from 17 October 1973

and has priority over the defendants' deed of trust recorded on 29 October 1973. The record clearly establishes that some labor and material was provided by plaintiff's subcontractor on 17, 18 and 22 October 1973, prior to the recording date of defendants' deed of trust. If, under the circumstances of this case, the services performed by plaintiff's subcontractor on 17, 18 and 22 October 1973 are lienable pursuant to G.S. 44A-8 (prior to its amendment in 1975), the trial judge was correct in declaring that plaintiff's lien on the subject property had priority over the defendants' deed of trust.

"§ *44A-7. Definitions. . . . :*

. . .

"(2) 'Improvement' means all or any part of any building, structure, erection, alteration, demolition, excavation, clearing, grading, filling, or landscaping, including trees and shrubbery, driveways, and private roadways, on real property.

. . .

"§ *44A-8. Mechanics', laborers' and materialmen's lien: persons entitled to lien.—* Any person who performs or furnishes labor or furnishes materials *pursuant to a contract,* either express or implied, with the owner of real property, *for the making of an improvement* thereon shall, upon complying with the provisions of this article, have a lien on such real property to secure payment of all debts owing for labor done or material furnished pursuant to such contract." (Emphasis added.)

In *Smith v. South Mountain Properties, Inc.,* 29 N.C. App. 447, 224 S.E. 2d 692, *cert. denied,* 290 N.C. 552 (1976), and *Bryan v. Projects, Inc.,* 29 N.C. App. 453, 224 S.E. 2d 689, *cert. denied,* 290 N.C. 550 (1976), this Court analyzed these statutes and held that labor furnished by land surveyors, landscape architects, planners, consultants, and other professionals pursuant to a contract with the owner to provide such services was not lienable under G.S. 44A-8. Labor performed in providing such professional services does not fall within the statutory definition of "improvement," G.S. 44A-7(2). *Smith v. South Mountain Properties, Inc., supra; Bryan v. Projects, Inc., supra.*

In the present case plaintiff was under contract to construct on Spanish Inns' property a large motel. Obviously, the construc-

tion of the motel falls within the statutory definition of an "improvement" to real property. It is debatable whether the labor done by plaintiff's subcontractor on 17, 18 and 22 October 1973 was "land surveying" as described in *South Mountain* and *Bryan*, or labor improving real property within the meaning of the statutory definition of "improvements." It is not necessary, however, that we make such a fine distinction in this or any similar case. Assuming *arguendo* that the labor performed by plaintiff's subcontractor on 17, 18 and 22 October 1973 was "land surveying," it was nevertheless labor performed pursuant to and in furtherance of plaintiff's indivisible contract with Spanish Inns to improve the real property. Any other reading of this statute would impose an impermissible burden on the parties involved to determine whether any particular service would trigger a lien under G.S. 44A.

[2]  Defendants' second assignment of error reads as follows:

> "The appellants were not parties to the arbitration proceedings between the plaintiff and the defendant Spanish Inns Charlotte, Ltd., wherein the amount of the plaintiff's recovery upon its construction contract was established, and the amount of the arbitration award cannot be binding upon the appellants in this action of the plaintiff to perfect its lien."

This assignment of error purports to be based on an exception to the judgment from which the appeal is taken; yet, the assignment of error seems to challenge the amount of the arbitration award which was established in a separate proceeding. Assuming *arguendo* that these defendants had standing to challenge the arbitration award, the record affirmatively discloses that they waived such right by not participating in either the arbitration award hearing or the hearing in the Superior Court confirming the award when they had notice of such hearings. Moreover, no exception was noted to either the award, or the order of the Superior Court confirming the award. This assignment of error has no merit.

[3]  Defendants' final assignment of error reads as follows:

> "The plaintiff is estopped to assert a lien prior to said deed of trust because of a noncommencement affidavit executed by its surveying subcontractor."

Equitable estoppel arises upon a misrepresentation or concealment of material facts by the party sought to be estopped calculated to induce a reasonably prudent person to act in reliance thereon and which does so induce him to act in reliance thereon. *Boddie v. Bond*, 154 N.C. 359, 70 S.E. 824 (1911). The affidavit referred to in this assignment of error was not given by plaintiff, the party sought to be estopped, but was given by plaintiff's subcontractor on 12 November 1973, 14 days after the making of the construction loan and the recording of the deed of trust securing the loan. Manifestly, this assignment of error has no merit.

Affirmed.

Judge BRITT concurs.

Judge MARTIN dissents.