JERRY MOORE v. UPCHURCH REALTY CO., INC. AND NATIONWIDE INSURANCE COMPANY

No. 8210IC518

(Filed 17 May 1983)

1. **Master and Servant § 81— workers' compensation coverage—no estoppel of carrier to deny**

    Defendant insurance carrier was not estopped to deny workers' compensation coverage for plaintiff painter where the carrier received no premium for workers' compensation coverage for plaintiff and took no action which could have misled plaintiff.

2. **Master and Servant § 49— workers' compensation coverage—estoppel of employer to deny—necessity for findings**

    Where the evidence showed that plaintiff contracted to paint houses for defendant realty company and that defendant's president discussed workers'

compensation coverage with plaintiff and deducted from the sum owed plaintiff an amount for workers' compensation premiums for plaintiff's employees but not for plaintiff, the Industrial Commission should have determined whether defendant was estopped to deny workers' compensation coverage to plaintiff upon the basis of findings as to whether the action of defendant's president misled plaintiff as to the status of his workers' compensation insurance, whether this caused plaintiff not to procure coverage for himself, and whether plaintiff was misled by his own lack of care and circumspection.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 15 February 1982. Heard in the Court of Appeals 12 April 1983.

The plaintiff appeals from an Industrial Commission order denying him workers' compensation benefits. The evidence before the Deputy Commissioner was that the plaintiff had an oral agreement with Upchurch Realty Co., a housing construction firm, under the terms of which the plaintiff painted houses which were built by Upchurch. The plaintiff hired workers to help him do the painting. He did not procure workers' compensation insurance for himself or for those who helped him.

Bryan Upchurch, the president of Upchurch Realty Co., testified that he had a discussion with the plaintiff in regard to workers' compensation insurance and the plaintiff told him he did not have such insurance. Mr. Upchurch testified further: "I then told him that until he got workmen's compensation, I was going to take out either three or four percent of the gross payment." Mr. Upchurch testified at one point that the deductions were for labor done by the plaintiff's employees and not for the plaintiff. Mr. Upchurch testified he made the deductions "to cover anything that I might have to pay." The plaintiff testified he talked to Mr. Upchurch in regard to the insurance and Mr. Upchurch told him he would have to procure workers' compensation insurance. The plaintiff also testified that he thought the three percent deducted from the amount paid to him was for workers' compensation insurance and that he was covered. None of the money withheld from the plaintiff was delivered to the defendant Nationwide.

The plaintiff's hand was injured by accident while the plaintiff was painting a house for defendant Upchurch Realty Co.

The Deputy Commissioner who heard the case found among other facts that plaintiff was never told by Mr. Upchurch that

he was covered by insurance, and that since plaintiff had not obtained coverage, Mr. Upchurch advised him that until he obtained coverage, he would deduct three percent from the gross amount owed to the plaintiff to provide workers' compensation for plaintiff's employees. The Deputy Commissioner also found as a fact that Mr. Upchurch calculated the percentage to be deducted "by estimating the portion of the total amount he paid plaintiff which was attributable to plaintiff's helpers." The Deputy Commissioner concluded that plaintiff was not an employee of Upchurch Realty Co., and the defendants were not estopped to deny workers' compensation coverage to plaintiff. The Deputy Commissioner denied the plaintiff's claim.

The full Commission affirmed the opinion of the Deputy Commissioner. The plaintiff appealed.

*Morgan, Bryan, Jones and Johnson, by Robert C. Bryan, for plaintiff appellant.*

*Young, Moore, Henderson and Alvis, by George M. Teague, for defendant appellees.*

WEBB, Judge.

The plaintiff does not argue that the Industrial Commission was in error in finding he was not an employee of Upchurch Realty Co. He argues that the defendants are estopped to deny workers' compensation coverage.

[1] It has been held in this state if an insurance carrier accepts workers' compensation insurance premiums for a person, it cannot deny liability for coverage. *Aldridge v. Motor Co.,* 262 N.C. 248, 136 S.E. 2d 591 (1964); *Pearson v. Pearson, Inc.,* 222 N.C. 69, 21 S.E. 2d 879 (1942); *Garrett v. Garrett and Garrett Farms,* 39 N.C. App. 210, 249 S.E. 2d 808 (1978), *cert. denied,* 296 N.C. 736, 254 S.E. 2d 178 (1979); and *Allred v. Woodyards, Inc.,* 32 N.C. App. 516, 232 S.E. 2d 879 (1977). There is no evidence in this case that the insurance carrier received any premiums for the workers' compensation coverage for the plaintiff. We do not believe the defendant insurance carrier is liable under the above cited cases or any other theory of estoppel. Equitable estoppel requires proof that the party to be estopped must have misled the party asserting the estoppel either by some words or some action or by

silence. The person asserting the estoppel must have taken some action or failed to take some action to his detriment relying on the words, action or silence, and the injured party must not have been misled by his own lack of care or circumspection. *See Homes, Inc. v. Bryson*, 273 N.C. 84, 159 S.E. 2d 329 (1968); *Peek v. Trust Co.*, 242 N.C. 1, 86 S.E. 2d 745 (1955); and *Conner Co. v. Spanish Inns*, 34 N.C. App. 341, 238 S.E. 2d 525 (1977), *aff'd*, 294 N.C. 661, 242 S.E. 2d 785 (1978). There is no evidence in this case that Nationwide Insurance Company took any action which could have misled the plaintiff. We affirm the order of the Industrial Commission as to Nationwide.

[2] As to the defendant Upchurch Realty Co., we do not believe the Industrial Commission made findings of fact which are sufficient for us to determine whether the conclusions of law were proper. The Industrial Commission found as a fact that the deductions by Upchurch from what was paid to the plaintiff were for workers' compensation insurance premiums for plaintiff's employees. This is in effect a finding that no premiums were deducted for plaintiff. This finding of fact is supported by the evidence. We do not believe, however, that this finding of fact is sufficient to support the conclusion that the defendant Upchurch is not estopped from denying compensation coverage for the plaintiff. Although the evidence is that Mr. Upchurch did not tell the plaintiff he was covered, he did discuss coverage with the plaintiff and deduct from what was paid to him an amount of money based on compensation premiums. The plaintiff testified that he thought he was covered.

We believe there should be findings of fact as to whether by his action Mr. Upchurch misled plaintiff as to the status of his workers' compensation insurance, whether this caused the plaintiff not to procure coverage for himself, and whether the plaintiff was misled by his own lack of care and circumspection.

We affirm as to Nationwide Insurance Company. We reverse and remand as to Upchurch Realty Co. for additonal findings of fact. The Industrial Commission may take further evidence if it so desires.

Affirmed in part; reversed and remanded in part.

Judges WHICHARD and BRASWELL concur.