DONALD W. CARROLL, EMPLOYEE, PLAINTIFF v. DANIELS AND DANIELS CON-STRUCTION COMPANY, INC., EMPLOYER, AND/OR N.C. FARM BUREAU MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8910IC592

(Filed 4 January 1990)

**Master and Servant § 81 (NCI3d) — workers' compensation — subcontractor — estoppel of carrier to deny coverage**

Although plaintiff was a subcontractor and thus an independent contractor in performing carpentry work on a house the employer was building, the employer's workers' compensation carrier was estopped to deny coverage for plaintiff where the employer's superintendent agreed to deduct 7% from plaintiff's pay to provide workers' compensation coverage under the employer's policy as a condition precedent to the subcontract with plaintiff; the employer routinely added subcontractors to its workers' compensation insurance; the carrier routinely

CARROLL v. DANIELS AND DANIELS CONSTRUCTION CO.

[96 N.C. App. 649 (1990)]

accepted premiums from the employer for subcontractors; and the employer thus had the implied authority to bind the carrier to provide workers' compensation insurance for a subcontractor.

**Am Jur 2d, Workmen's Compensation §§ 171, 172, 679.**

APPEAL by defendant-carrier from opinion filed 16 December 1988 by the North Carolina Industrial Commission. Heard by the Full Commission on an appeal by defendant-carrier from an opinion by Deputy Commissioner John Charles Rush holding defendant-carrier liable for plaintiff's workers' compensation benefits. Heard in the Court of Appeals 14 November 1989.

Plaintiff is a carpenter who did work for general contractors. He was hired by defendant Daniels and Daniels Construction Company [employer] in order to do the boxing and siding on a house that employer was building. Prior to beginning work, plaintiff discussed his payment as well as his workers' compensation insurance coverage with employer's residential construction superintendent. In that discussion, the superintendent agreed to deduct money (7%) from plaintiff's pay to provide workers' compensation coverage under the defendant employer's policy. Plaintiff began work under the terms of a subcontract agreement with employer. Two days later, the scaffolding upon which plaintiff worked collapsed and plaintiff was injured. At the time of the accident, employer was insured by North Carolina Farm Bureau Mutual Insurance Company [carrier]. While plaintiff was in the hospital, the superintendent told plaintiff's wife that employer's workers' compensation policy would pay the related hospital and medical expenses as well as provide compensation.

When plaintiff filed a claim for coverage of his injuries, carrier denied that claim and plaintiff subsequently requested a hearing with the Industrial Commission. The Deputy Commissioner heard this matter and issued an opinion and award in which he concluded that carrier was estopped to deny plaintiff workers' compensation insurance coverage. He directed employer and carrier to pay compensation and medical benefits to plaintiff. Defendants appealed this decision to the Full Commission which affirmed the Deputy Commissioner's decision. Defendants appeal.

CARROLL v. DANIELS AND DANIELS CONSTRUCTION CO.

[96 N.C. App. 649 (1990)]

*Connor, Bunn, Rogerson & Woodard, P.A., by James F. Rogerson, for plaintiff-appellee.*

*Maupin Taylor Ellis & Adams, P.A., by Richard M. Lewis and Jack S. Holmes, for defendant-appellant N.C. Farm Bureau Mutual Insurance Company.*

LEWIS, Judge.

Plaintiff brought this action against two defendants: (1) plaintiff's employer at the time of the accident and (2) employer's insurance carrier at that time. This appeal was brought by N.C. Farm Bureau Mutual Insurance Company, defendant employer's insurance carrier and does not address plaintiff's action against Daniels and Daniels Construction Company, Inc., plaintiff's employer. The holding of this Court will therefore address only the responsibility of the insurance carrier under the Workers' Compensation statutes.

Defendant-appellant contends that the insurance carrier should not have to pay benefits to the plaintiff because (1) plaintiff is an independent contractor and not entitled to benefits intended for an "employee" under North Carolina law, and (2) neither the employer nor the carrier agreed to bind the carrier to pay workers' compensation to the plaintiff.

I: Plaintiff as Independent Contractor

The Industrial Commission determined that plaintiff was a "subcontractor" and not an employee of the employer. The test for analyzing whether an individual is an independent contractor or an employee is whether the employer has retained the right to control the details of doing the work rather than merely requiring definite results conforming to the contract. *Hayes v. Bd. of Trustees of Elon College*, 224 N.C. 11, 29 S.E.2d 137 (1944). The evidence establishes that plaintiff owned and operated his own carpentry business and retained control over the manner and method of his work. Employer paid plaintiff per lineal foot and plaintiff worked at his own speed with his work subject only to employer's final approval. Plaintiff concedes in his brief: "The Plaintiff was technically a subcontractor of the Defendant-Employer."

Defendant contends: "Since plaintiff was not an employee, the Commission has no jurisdiction and plaintiff cannot recover benefits under the [North Carolina Workers' Compensation] Act." Defendant

CARROLL v. DANIELS AND DANIELS CONSTRUCTION CO.

[96 N.C. App. 649 (1990)]

further alleges that G.S. 97-19, as it read at the time of plaintiff's accident, did not provide recovery from a general contractor for an injured subcontractor. Plaintiff states, on the other hand, that based on the principle of estoppel, "[t]he facts in this case would make it unconscionable for the carrier to be allowed to deny coverage." The Industrial Commission concluded that, even though the plaintiff was in fact a "subcontractor" of defendant employer, defendant employer had "*however*, agreed to provide workers' compensation insurance coverage for the plaintiff" (emphasis added). Thus, the Commission stated: "The defendant carrier, therefore, is estopped from denying said coverage."

II: Alleged Failure to Bind the Carrier

Defendant-carrier states that "[t]he Commission's findings of fact do not support its conclusion that the Carrier is estopped to deny workers' compensation coverage to plaintiff." Defendant's allegation is based on three ways in which plaintiff failed to bind carrier.

(1) The carrier first contends that he "made no representations to plaintiff regarding workers' compensation coverage." The Commission found that the only direct contact between carrier and plaintiff occurred *after* the accident when an agent for the carrier contacted plaintiff in order to obtain a written statement. That agent later advised plaintiff that he was not covered. The carrier therefore never told plaintiff that he was covered by carrier nor took any direct action that would have caused plaintiff to believe that he had workers' compensation insurance with the carrier. However, employer routinely added subcontractors to its "Workmen's Compensation Insurance" at the time it employed plaintiff, and there is no evidence that carrier had ever prohibited that action. Carrier never asked for a hearing on the issue of whether or not plaintiff should be covered under carrier's coverage. The Industrial Commission correctly held that the defendant-carrier is estopped from denying this coverage.

(2) The carrier further alleges that it never accepted the premium deducted by employer. Carrier relies on *Moore v. Upchurch Realty Company, Inc.*, 62 N.C. App. 314, 302 S.E.2d 654 (1983), stating that this case "should control the situation now before this Court." *Moore* is distinguishable in that plaintiff in *Moore* was never told that he was covered, whereas, in the case at bar, employer agreed to provide the coverage and understood that providing the insurance

## CARROLL v. DANIELS AND DANIELS CONSTRUCTION CO.

[96 N.C. App. 649 (1990)]

was a condition precedent to employing plaintiff. Plaintiff started working with employer on 27 April 1987, was injured only three days later on 30 April 1987 and received his first and only paycheck dated 1 May 1987 from which the 7% workers' compensation insurance premium had been deducted. There is no evidence that carrier ever received the premium which was deducted from plaintiff's paycheck. Since carrier routinely accepted premiums from employer for the coverage of subcontractors, it can be assumed that carrier would have followed that practice in this case. The carrier cannot now be allowed to object to the practice in which it had acquiesced.

(3) Finally, carrier states that employer had no authority to bind the carrier. A supervisor for employer, Stuart Crank, agreed to provide workers' compensation insurance for plaintiff when the subcontract agreement was executed and to deduct money (7%) from plaintiff's paycheck to provide that coverage. Carrier states that no agency relationship existed between Crank and carrier and that there is "no evidence of any implied authority for Crank to act on behalf of Carrier." In fact, an implied authority had existed between carrier and employer because of employer's former practice of insuring subcontractors for employer. Employer acted in conformity with that practice by promptly filing Form 19 with the Industrial Commission to report plaintiff's injury and by telling plaintiff's wife and medical providers that plaintiff was covered under employer's workers' compensation insurance. Carrier is estopped from denying coverage based on an alleged lack of authority by the employer to bind carrier.

The principle of estoppel may apply in workers' compensation cases and was properly employed in this case by the Industrial Commission. See Aldridge v. Foil Motor Co., 262 N.C. 248, 136 S.E.2d 591 (1964); Britt v. Colony Construction Co., 35 N.C. App. 23, 240 S.E.2d 479 (1978). The Workers' Compensation Act is to be liberally construed to effectuate its purpose to provide compensation for injured workers and its benefits should not be denied by a technical, narrow or strict construction. Stevenson v. City of Durham, 281 N.C. 300, 188 S.E.2d 281 (1972). Since the carrier routinely allowed employer to add subcontractors to their workers' compensation insurance, as long as carrier received a premium in the amount of seven percent from the subcontractor's gross wages, carrier was correctly estopped by the Industrial Commission from denying coverage for plaintiff.

Affirmed.

Judges JOHNSON and COZORT concur.