DONALD W. CARROLL, EMPLOYEE v. DANIELS AND DANIELS CONSTRUC-
TION COMPANY, INC., EMPLOYER, AND/OR N.C. FARM BUREAU MUTUAL
INSURANCE COMPANY, CARRIER

No. 55PA90

(Filed 5 December 1990)

1. **Master and Servant § 49 (NCI3d)— workers' compensation— employees of insured employer—employees of subcontractor**

    The North Carolina Workers' Compensation Act generally provides compensation to an injured plaintiff only if he is an "employee" of an insured employer, in fact and in law, at the time of the injury. However, former N.C.G.S. § 97-19 (1985) created an exception to this general rule by imposing liability on a general contractor for injuries to the employees of a subcontractor but not to the subcontractor itself.

    **Am Jur 2d, Workmen's Compensation § 171.**

2. **Estoppel § 5 (NCI3d); Master and Servant § 81 (NCI3d)— workers' compensation—law of estoppel**

    The law of estoppel does apply in workers' compensation proceedings, and liability may be based upon estoppel to contravene an insurance carrier's subsequent attempt to avoid coverage for a work-related injury. The burden is on the plaintiff to show that the carrier misled the plaintiff by words, acts, or silence.

    **Am Jur 2d, Workmen's Compensation §§ 172, 424, 425.**

3. **Master and Servant § 81 (NCI3d)— workers' compensation— subcontractor—estoppel of carrier to deny coverage— insufficient findings**

    The Industrial Commission erred in concluding that defendant carrier was estopped to deny workers' compensation coverage to plaintiff subcontractor based upon findings that the general contractor's superintendent agreed to deduct seven percent from plaintiff's pay to provide workers' compensation coverage under the contractor's policy; this deduction was made by the general contractor; the superintendent told plaintiff's wife after plaintiff was injured that the general contractor's policy would pay plaintiff's hospital and medical expenses as well as provide compensation; and there was a past course of dealing between the carrier and general contractor to cover

CARROLL v. DANIELS AND DANIELS CONSTRUCTION CO.

[327 N.C. 616 (1990)]

"people" under workers' compensation insurance. The rights of the parties cannot be determined in the absence of findings with regard to (1) any actions, representations or silence in the face of a duty to speak on behalf of the carrier to mislead plaintiff regarding workers' compensation coverage; (2) the carrier's acceptance of premiums for "subcontractor" coverage deducted from plaintiff's pay or acceptance of deducted premiums from other "subcontractors" in the past; and (3) the existence of authority between the carrier and the general contractor or between the carrier and the general contractor's superintendent to extend coverage to a subcontractor. Therefore, the case is remanded for a determination as to whether the carrier accepted premiums paid on plaintiff's behalf or whether there was a course of past dealing between the general contractor and defendant carrier with regard to providing coverage of other subcontractors.

**Am Jur 2d, Workmen's Compensation §§ 172, 424, 425.**

ON discretionary review of a decision of the Court of Appeals, 96 N.C. App. 649, 386 S.E.2d 752 (1990), affirming an opinion and award of the North Carolina Industrial Commission filed 16 December 1988, holding defendant-carrier liable for plaintiff's workers' compensation benefits. Heard in the Supreme Court 5 September 1990.

*Connor, Bunn, Rogerson & Woodard, P.A., by James F. Rogerson, for plaintiff-appellee.*

*Maupin Taylor Ellis & Adams, P.A., by Richard M. Lewis and Jack S. Holmes, for defendant-appellant Farm Bureau Mutual Insurance Company.*

MEYER, Justice.

The question presented in this workers' compensation case is whether the Court of Appeals erred in holding that defendant-carrier was estopped to deny plaintiff workers' compensation coverage. We hold that the Court of Appeals erred and remand this case to that court for further remand to the Industrial Commission for further proceedings consistent with this opinion.

Plaintiff and Bobby Harrelson owned and operated C & H Builders, a partnership which performed carpentry work for general contractors. Plaintiff and Harrelson, as C & H Builders, were hired

CARROLL v. DANIELS AND DANIELS CONSTRUCTION CO.

[327 N.C. 616 (1990)]

by defendant Daniels and Daniels Construction Company (Daniels) to box in and put siding on a house the Daniels Company was building. The facts as found by the Deputy Commissioner and adopted by the full Commission reveal that plaintiff and Harrelson controlled the hours they worked, that they worked at their own speed, that no one told them how to do the work, and that they were paid as subcontractors on a piecemeal basis with no deductions for social security. Prior to starting the job, plaintiff discussed workers' compensation insurance coverage with Daniels' construction superintendent. The superintendent agreed to deduct seven percent from plaintiff's pay to provide workers' compensation coverage under Daniels' policy. Two days after plaintiff began working for Daniels, the scaffolding upon which plaintiff was working collapsed and he was injured. At the time of the accident, Daniels was insured by North Carolina Farm Bureau Mutual Insurance Company (carrier). Daniels' superintendent told plaintiff's wife while plaintiff was in the hospital that Daniels' workers' compensation policy would pay the hospital and medical expenses as well as provide compensation.

The carrier denied plaintiff's claim for coverage of his injuries, and plaintiff subsequently requested a hearing with the Industrial Commission. A Deputy Commissioner heard this matter and filed an opinion and award concluding that the carrier was estopped from denying plaintiff workers' compensation coverage and directing the carrier and Daniels to pay compensation and medical benefits to plaintiff. The Deputy Commissioner's decision was affirmed by the full Commission. The Court of Appeals affirmed the opinion and award of the full Commission.

[1]. The North Carolina Workers' Compensation Act provides compensation to an injured plaintiff only if he is an "employee" of an insured employer, in fact and in law, at the time of the injury. *Youngblood v. North State Ford Truck Sales*, 321 N.C. 380, 364 S.E.2d 433, *reh'g denied*, 322 N.C. 116, 367 S.E.2d 923 (1988). An exception to the general rule illustrated in *Youngblood* is that the Act creates liability for a general contractor under N.C.G.S. § 97-19. *Withers v. Black*, 230 N.C. 428, 53 S.E.2d 668 (1949). The exception was "enacted to protect the employees of financially irresponsible sub-contractors who do not carry workmen's compensation insurance, and to prevent principal contractors, immediate [sic] contractors, and sub-contractors from relieving themselves of liability under the Act by doing through sub-contractors what they would

## CARROLL v. DANIELS AND DANIELS CONSTRUCTION CO.

[327 N.C. 616 (1990)]

otherwise do through the agency of direct employees." *Id.* at 434, 53 S.E.2d at 673. At the time of the plaintiff's injury, N.C.G.S. § 97-19 provided as follows:

> *Any principal contractor, intermediate contractor, or subcontractor* who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate, issued by the Industrial Commission, stating that such subcontractor has complied with G.S. 97-93 hereof, *shall be liable,* irrespective of whether such subcontractor has regularly in service less than four employees in the same business within this State, to the same extent as such subcontractor would be if he were subject to the provisions of this Article *for the payment of compensation and other benefits under this Article on account of the injury or death of any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract.* If the principal contractor, intermediate contractor or subcontractor shall obtain such certificate at the time of subletting such contract to subcontractor, he shall not thereafter be held liable to any employee of such subcontractor for compensation or other benefits under this Article.

N.C.G.S. § 97-19 (1985) (emphasis added). N.C.G.S. § 97-19 as then written imposed liability on a general contractor for injuries to the employees of its subcontractor but not to the subcontractor itself. *Doud v. K & G Janitorial Service,* 69 N.C. App. 205, 316 S.E.2d 664, *disc. rev. denied,* 312 N.C. 492, 322 S.E.2d 554 (1984).

In the case *sub judice,* the Industrial Commission determined, and plaintiff concedes in his brief, that plaintiff was a "subcontractor" and not an employee of Daniels. The carrier contends that since plaintiff was neither an employee of Daniels nor an employee of a subcontractor, plaintiff cannot recover under the North Carolina Workers' Compensation Act. Plaintiff responds that under the principles of estoppel it would be unconscionable for the carrier to be allowed to deny coverage. The Commission made a finding of fact that, even though plaintiff was in fact a "subcontractor," Daniels, the general contractor, had agreed to provide workers' compensation insurance coverage for plaintiff. The Commission concluded that since Daniels had made an agreement with the plaintiff, the carrier was subsequently estopped from denying said coverage.

CARROLL v. DANIELS AND DANIELS CONSTRUCTION CO.

[327 N.C. 616 (1990)]

The Commission made this conclusion of law without any specific findings of fact as to whether this carrier was providing insurance coverage for this particular plaintiff or any findings involving a course of past dealing between Daniels and the carrier with regard to providing coverage of other subcontractors themselves.

In a workers' compensation appeal such as this, this Court is limited in its review to two questions of law: (1) whether any competent evidence exists before the Industrial Commission to support its findings of fact, and (2) whether the Commission's findings of fact justify its legal conclusions and decision. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E.2d 101 (1981). The findings of fact made by the Commission below are not in dispute. The Commission found as a fact that Daniels' superintendent agreed to deduct seven percent from plaintiff's pay to provide workers' compensation coverage under Daniels' workers' compensation policy and that the deduction had been processed by Daniels. The Commission also found that the superintendent told plaintiff's wife that the policy would cover plaintiff's hospital and medical expenses as well as provide compensation. The Commission concluded that defendant-Daniels agreed to provide workers' compensation coverage and did in fact make such deduction from the plaintiff's pay, and therefore defendant-carrier was estopped from denying said coverage. We hold that the Commission's findings of fact do not support its conclusion of law that the carrier is estopped from denying workers' compensation coverage to plaintiff.

[2]   The law of estoppel does apply in workers' compensation proceedings, and liability may be based upon estoppel to contravene an insurance carrier's subsequent attempt to avoid coverage of a work-related injury. *Godley v. County of Pitt*, 306 N.C. 357, 293 S.E.2d 167 (1982); *Aldridge v. Motor Co.*, 262 N.C. 248, 136 S.E.2d 591 (1964). In *Aldridge*, unlike the case at bar, the employer had explained to the carrier's local agent exactly what the plaintiff would be doing and had been assured by the agent that the plaintiff would be covered by the workers' compensation insurance. This Court stated:

> [P]laintiff had been put on [the employer's] payroll for the very purpose of protecting him by workmen's compensation insurance and upon the advice of the defendant carrier's agent after a full disclosure to him of the specific nature and location of the plaintiff's work. Therefore, the carrier knew that it

was insuring an employee of the [employer] who would work as a painter and carpenter on all properties jointly owned by its officers individually. Plaintiff's wages were used in computing the amount of the premiums which the [employer] paid defendant for its coverage, and defendant had accepted these premiums for over two years.

*Aldridge*, 262 N.C. at 252, 136 S.E.2d at 594. The facts before us do not begin to rise to the level of those in *Aldridge*. The Commission's findings and conclusions do not address any conduct on the part of the carrier prior to the injury in question. "[E]stoppel requires proof that the party to be estopped must have misled the party asserting the estoppel either by some words or some action or by silence." *Moore v. Upchurch Realty Co., Inc.*, 62 N.C. App. 314, 316-17, 302 S.E.2d 654, 656 (1983). The burden is on the plaintiff to show that the carrier misled the plaintiff by words, acts, or silence.

[3] The carrier first contends that it "made no representation to plaintiff regarding workers' compensation coverage." The Commission found that the only direct contact between plaintiff and the carrier occurred after the accident when an agent for the carrier contacted plaintiff to obtain a written statement. The testimony shows that the carrier never told plaintiff that he was covered by the carrier or took any direct action that would have caused plaintiff to believe that he had workers' compensation coverage insurance with the carrier. However, the Commission found that it was the practice of Daniels to routinely add "people" to its "Workmen's Compensation Insurance" at the time it engaged plaintiff. The Court of Appeals held that the Industrial Commission correctly concluded that the carrier is estopped from denying coverage. *Carroll v. Daniels and Daniels Construction Co.*, 96 N.C. App. 649, 653, 386 S.E.2d 752, 755. The error is that when the Deputy Commissioner found that there was a past course of dealing between the carrier and Daniels to cover "people" under workers' compensation insurance, a reviewing court may not conclude that the carrier acquiesced to coverage of "subcontractors" themselves. The Court of Appeals erred in concluding that a past practice involved the carrier, Daniels, and a "subcontractor." Pursuant to N.C.G.S. § 97-19 as it appeared at the time plaintiff was engaged, only employees of subcontractors were covered under the Act. The Commission made no findings regarding any actions, representations, or silence in the face of a duty to speak, on behalf of

CARROLL v. DANIELS AND DANIELS CONSTRUCTION CO.

[327 N.C. 616 (1990)]

the carrier to mislead plaintiff regarding workers' compensation insurance coverage. There are no specific findings of fact by the Commission that would support a conclusion that this carrier is estopped from denying coverage to this particular plaintiff-subcontractor.

The carrier further alleges that it never accepted the premium deducted by Daniels. This Court has stated in several workers' compensation cases that if an insurance carrier accepts workers' compensation insurance premiums for an individual, it cannot deny liability for coverage. *E.g., Aldridge v. Motor Co.*, 262 N.C. 248, 136 S.E.2d 591; *see also Moore v. Upchurch Realty Co., Inc.*, 62 N.C. App. 314, 302 S.E.2d 654. Although in the instant case there is evidence that Daniels deducted the premium from plaintiff's pay, there is no evidence indicated by the Commission that the carrier accepted payments. Additionally, the Commission made no findings of fact and there is no evidence regarding the carrier's acceptance of premiums for other subcontractors in the past. The Court of Appeals incorrectly stated that "[s]ince carrier routinely accepted premiums from employer for the coverage of subcontractors, it can be *assumed* that carrier would have followed that practice in this case. The carrier cannot now be allowed to object to the practice in which it had acquiesced." *Carroll v. Daniels and Daniels Construction Co.*, 96 N.C. App. at 653, 386 S.E.2d at 754 (emphasis added). The Court of Appeals may not make findings of fact on its own. *Pardue v. Tire Co.*, 260 N.C. 413, 132 S.E.2d 747 (1963). We conclude that the Court of Appeals erred when it made its own findings of fact regarding past dealings between Daniels and the carrier. Since the Commission made no findings of fact regarding the carrier's acceptance of premiums for "subcontractor" coverage deducted from plaintiff's pay or acceptance of deducted premiums from other "subcontractors" in the past, the Court of Appeals erred when it assumed such facts. *See Britt v. Construction Co.*, 35 N.C. App. 23, 33, 240 S.E.2d 479, 485 (1978) (There was no finding that the premiums had been accepted by the insurer and the Court of Appeals remanded to the Commission, stating that "the Commission should have made a finding as to [insurer's] acceptance or non-acceptance of Compensation insurance premiums").

Finally, the carrier contends that Daniels had no authority to bind the carrier. The carrier states that there is no record evidence of any action on behalf of the carrier to extend coverage to plaintiff. Furthermore, there is no record evidence that the car-

CARROLL v. DANIELS AND DANIELS CONSTRUCTION CO.

[327 N.C. 616 (1990)]

rier knew of Daniels' promise to extend coverage to plaintiff or that Daniels had any authority to make such a promise. N.C.G.S. § 97-93 only requires employers to insure their liability under the Act. Since plaintiff is neither an employee nor an individual covered by the then-existing N.C.G.S. § 97-19, he is not covered by the basic workers' compensation policy. In order to extend the workers' compensation insurance contract between Daniels and the carrier to cover plaintiff, action or behavior that demonstrates a desire to extend coverage on behalf of both Daniels and the carrier must be shown. The Commission, however, made no findings or conclusions regarding the existence of authority between the carrier and Daniels or between the carrier and Daniels' superintendent. The record shows that no authority or agency relationship, express or implied, existed between Daniels or Daniels' superintendent and the carrier. As the Court of Appeals has stated, "[i]t would be manifestly unjust to hold one party liable for the actions taken by another person if that person did not have authority to act for him." *Vaughn v. Dept. of Human Resources*, 37 N.C. App. 86, 91, 245 S.E.2d 892, 895 (1978), *aff'd*, 296 N.C. 683, 252 S.E.2d 792 (1979). Therefore, the Court of Appeals erroneously concluded that "an implied authority had existed between carrier and employer because of employer's former practice of insuring subcontractors for employer." *Carroll v. Daniels and Daniels Construction Co.*, 96 N.C. App. at 653, 386 S.E.2d at 755.

The findings of fact of the Industrial Commission are insufficient to enable this Court to determine the rights of the parties. The decision of the Court of Appeals is, therefore, reversed and this case is remanded to that court for further remand to the Industrial Commission for a determination as to whether the carrier accepted premiums paid on plaintiff's behalf or whether there was a course of past dealing between the carrier, Daniels, and other subcontractors for insurance coverage of subcontractors under the Workers' Compensation Act.

Reversed and remanded.