VICKY DIXON PATE v. EASTERN INSULATION SERVICE OF NEW BERN, INC., AND THE NORTH CAROLINA HOME BUILDERS HEALTH BENEFIT TRUST

No. 907SC541

(Filed 15 January 1991)

1. **Trial § 53 (NCI3d) — summary judgment reconsidered by trial court — jurisdiction**

The trial court properly reconsidered its oral decision in an action to collect benefits under a group health insurance plan and possessed jurisdiction to deny defendant Eastern's

PATE v. EASTERN INSULATION SERVICE OF NEW BERN

[101 N.C. App. 415 (1991)]

motion for summary judgment where plaintiff's attorney showed the trial court a recent Court of Appeals opinion after summary judgment had been granted for defendants, the court scheduled a new hearing on its own motion, and, after considering oral and written arguments of counsel, the court denied defendant Eastern's motion for summary judgment and allowed defendant Home Builders' motion as to plaintiff's claim and Eastern's cross-claim. No written notice of appeal had been filed when the trial judge scheduled the new hearing, the judge informed all parties of its decision to hear additional arguments in light of the Court of Appeals decision, and counsel for Eastern appeared at the hearing and argued in favor of upholding the grant of summary judgment, thereby waiving any objection as to inadequate notice.

**Am Jur 2d, Motions, Rules, and Orders § 27; Summary Judgment § 28.**

2. **Appeal and Error § 118 (NCI4th)— denial of motion for summary judgment—interlocutory**

An appeal on the merits of the denial of a motion for summary judgment was not considered because such denial was an interlocutory order not immediately appealable.

**Am Jur 2d, Appeal and Error § 104.**

**Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

APPEAL by defendant Eastern Insulation Service of New Bern, Inc., from order entered 21 February 1990 by *Judge Cy A. Grant, Sr.,* in WILSON County Superior Court. Heard in the Court of Appeals 4 December 1990.

*Connor, Bunn, Rogerson & Woodard, P.A., by James F. Rogerson; and Thomas and Farris, P.A., by Allen G. Thomas and Julie A. Turner, for plaintiff appellee.*

*Howard, From, Stallings & Hutson, P.A., by John N. Hutson, Jr., for Eastern Insulation of New Bern, Inc., defendant appellant.*

*The McNair Law Firm, by James L. Stuart, for North Carolina Home Builders Health Benefit Trust, defendant appellee.*

COZORT, Judge.

[1]   Plaintiff filed this action against Eastern Insulation Service of New Bern, Inc. (hereinafter Eastern), and North Carolina Home Builders Health Benefit Trust (hereinafter Home Builders) seeking damages in the amount of $15,884.20. Plaintiff alleged that Eastern promised her that, if she paid the insurance premiums, she could continue to be covered under Eastern's group insurance plan with Home Builders even after she ceased to be an employee of Eastern. Subsequently, plaintiff accumulated $15,884.20 in medical bills which Home Builders refused to pay. Home Builders claimed that plaintiff was ineligible for health care benefits because she was no longer employed by defendant Eastern. Both defendants filed motions for summary judgment which were heard on 8 January 1990. The trial court orally granted summary judgment in favor of both defendants. On 9 January 1990, plaintiff's attorney presented to the trial court a recent decision by a panel of this Court. The court on its own motion scheduled a new hearing for 21 February 1990. After considering oral and written arguments of counsel for defendants and plaintiff, the trial court denied Eastern's motion for summary judgment and allowed Home Builders' motion as to plaintiff's claim and Eastern's cross-claim. Defendant Eastern appeals.

Eastern contends that the court lacked the power to enter the 21 February order denying summary judgment to Eastern. The issue is whether the trial court still had jurisdiction on 9 January 1990 to order a new hearing and to reverse its own order. We hold that the trial court had jurisdiction and that its actions were proper under N.C. Gen. Stat. § 1A-1, Rule 59(d).

We first note that no written notice of appeal, which would divest jurisdiction from the trial court, had been filed with the clerk of superior court when the trial judge scheduled the new hearing. See N.C.R. App. P. 3(a) (1990). N.C. Gen. Stat. § 1A-1, Rule 59(d) provides:

Not later than 10 days after entry of judgment the court of its own initiative, on notice to the parties and hearing, may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor.

The trial court rendered a decision at the conclusion of the 8 January 1990 hearing and requested both defendants submit pro-

posed judgments. On the next day of the same regular session of Wilson County Superior Court, 9 January 1990, plaintiff approached the trial judge with the Court of Appeals' 4 January 1990 decision in *Carroll v. Daniels and Daniels Const. Co.*, 96 N.C. App. 649, 386 S.E.2d 752, *reversed*, 327 N.C. 616, 398 S.E.2d 325 (1990). On 17 January 1990, the judge sent a letter to counsel for all parties, stating:

> On Tuesday, January 9, 1990, Attorney James F. Rogerson presented me with a recent case from the Court of Appeals, filed January 4, 1990, on the issue of equitable estoppel. If I had been aware of this case at the time of the hearing on the Motion, my ruling may have been different. Therefore, in light of this recent case and the fact that Mr. Rogerson, the primary attorney for Ms. Pate, was unable to be present at the hearing, I desire to hear further arguments on this Motion before entering a judgment.
>
> I will have the trial court administrator add this matter to the calendar for the February 19, 1990 term of Civil Court in Edgecombe County, Tarboro, N.C. Also, I am enclosing a copy of the recent Court of Appeals decision.
>
> If you have any questions or comments, please do not hesitate to contact my office.

We find the trial court's letter complied with Rule 59(d).

We reject Eastern's argument that it was not given proper notice of the court's intention to reconsider its grant of summary judgment in favor of Eastern. The judge informed all parties of its decision to hear additional arguments in light of the Court of Appeals' decision in *Carroll*. Furthermore, counsel for Eastern appeared at the 21 February hearing and argued in favor of upholding the grant of summary judgment, thereby waiving any objection as to inadequate notice. *See Raintree v. Rave*, 38 N.C. App. 664, 248 S.E.2d 904 (1978).

[2] We hold that the trial court properly reconsidered its oral decision of 8 January 1990 and that the trial court still possessed jurisdiction to deny defendant Eastern's motion for summary judgment. We shall not consider the defendant's appeal on the merits of the denial of Eastern's motion for summary judgment because such denial is an interlocutory order not immediately appealable. *Motyka v. Nappier*, 9 N.C. App. 579, 176 S.E.2d 858 (1970). That

portion of Eastern's appeal must be dismissed. The result is that the case is remanded to the Superior Court of Wilson County for further proceedings on plaintiff's claim against defendant Eastern without prejudice to the consideration on appeal at the appropriate time of the trial court's order of 21 February 1990.

Affirmed and remanded.

Judges WELLS and JOHNSON concur.