IN THE MATTER OF: SPENCER STRATTON, DOB 01-14-84; ISAIAH STRATTON, DOB 10-01-85; SOLOMON STRATTON, DOB 03-20-89; TANNA STRATTON, DOB 08-24-90; RACHEL STRATTON, DOB 04-14-92; SIMON STRATTON, DOB 03-01-94; MICHELLE STRATTON, DOB 08-24-95; MARIA STRATTON, DOB 09-06-96; STEPHANIE STRATTON, DOB 10-28-97; LEAH STRATTON, DOB 07-02-99

No. COA02-745

(Filed 5 August 2003)

**1. Appeal and Error— motion to strike brief—improper appellate brief**

The Department of Social Services' motion to strike a brief filed by the mother in a child neglect and dependency adjudication hearing is granted on the grounds that the brief was not a proper appellee brief.

**2. Appeal and Error— appealability—mootness**

Respondent father's appeal from a 31 January 2002 order adjudicating his children to be neglected and dependent was rendered moot by a 10 June 2003 order terminating respondent's parental rights where the trial judge who terminated respondent's parental rights did not rely on findings by the judge who adjudicated the children to be neglected and dependent but made an independent determination that the children had been and continued to be neglected.

Appeal by respondent father from order entered 31 January 2002 by Judge Elizabeth D. Miller (formerly Currence) in Mecklenburg County District Court. Heard in the Court of Appeals 24 February 2003.

*Mecklenburg County Department of Social Services, by Associate County Attorney Tyrone C. Wade, for petitioner-appellee, Mecklenburg County Department of Social Services, Youth and Family Services.*

*Michael Schmidt for respondent-appellant father, Jack Stratton.*

*McDowell Street Center for Family Law, Inc., by Tina Renee' Ridge for respondent-appellee mother, Kathy Stratton.*

*Brett A. Loftis for Children.*

*Sheila Passenant, for Guardian Ad Litem.*

GEER, Judge.

This appeal arises from the adjudication of the Stratton children as being neglected and dependent. Mr. Stratton raises in this appeal several issues regarding the conduct of the adjudication hearing and whether sufficient evidence exists to support the adjudication of neglect and dependency. Because we find that this appeal is now moot and should be dismissed, we do not address these issues.

On 30 January 2001, the Mecklenburg County Division of Social Services ("DSS") filed a juvenile petition alleging the Stratton children to be neglected and dependent as defined in N.C. Gen. Stat. § 7B-101(9), (15) (2001). On that same date, the district court issued a non-secure custody order placing the children in foster care.

Judge Elizabeth D. Miller conducted an adjudicatory hearing pursuant to N.C. Gen. Stat. §§ 7B-801(c) and -901 (2001) on 12 March 2001. Judge Miller entered a written order adjudicating the children to be neglected and dependent on 31 January 2002. Mr. Stratton filed notice of appeal from that order on 14 February 2002. The oldest of the Stratton children, Spencer Stratton, has since reached the age of eighteen and is not the subject of this appeal.

[1] Mrs. Stratton, the children's mother, has not appealed or petitioned this Court for writ of certiorari. Nevertheless, Mrs. Stratton has filed a brief, purportedly as an appellee, challenging the validity of the trial court's 31 January 2002 order. DSS has moved to strike that brief on the grounds that it is not a proper appellee brief. We agree and grant DSS' motion.

On 10 June 2003, while this appeal was pending, Judge Margaret L. Sharpe entered an order, following several months of hearings, terminating the parental rights of Mr. and Mrs. Stratton. Based on the evidence presented at the hearings, Judge Sharpe concluded that the Stratton children were neglected within the meaning of N.C. Gen. Stat. § 7B-101(15) and that DSS had proven by clear, cogent, and convincing evidence that grounds existed to terminate the parental rights of the Strattons under N.C. Gen. Stat. § 7B-1111(a)(1) and (a)(2) (2001). In the 10 June 2003 order, Judge Sharpe did not rely in any respect on the 31 January 2002 adjudication of neglect at issue on this appeal.

This Court is entitled to take judicial notice of this recent order. *State ex rel. Utilities Comm'n v. Southern Bell Telephone and Telegraph Co.*, 289 N.C. 286, 288, 221 S.E.2d 322, 323 (1976). As our

Supreme Court has held, "[c]onsideration of matters outside the record is especially appropriate where it would disclose that the question presented has become moot, or academic . . . ." *Id.*, 221 S.E.2d at 324.

[2] The district court's 10 June 2003 order renders this appeal moot. "A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison County Realtors Ass'n*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996). Further, "[w]henever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." *Dickerson Carolina, Inc. v. Harrelson*, 114 N.C. App. 693, 697, 443 S.E.2d 127, 131, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 520 (1994) (internal quotation marks omitted).

The questions raised by Mr. Stratton on this appeal are now academic given Judge Sharpe's order terminating his parental rights. Mr. Stratton asks this Court to reverse the 31 January 2002 adjudication of neglect, but all of the findings in that order have now been superseded by the findings in Judge Sharpe's 10 June 2003 order. Although Judge Sharpe could have taken into account the 31 January 2002 adjudication of neglect, she chose not to do so and instead made an entirely independent determination that the Stratton children had been and continued to be neglected. *See In re Ballard*, 311 N.C. 708, 713-14, 319 S.E.2d 227, 231-32 (1984) (although the trial court may consider prior adjudications of neglect, these prior adjudications cannot serve as the sole basis for a finding of neglect at the time of the termination proceeding). Reversing the 31 January 2002 order would have no effect given this separate determination of neglect.

Moreover, the district court also found a second ground, independent of the finding of neglect, justifying termination of Mr. Stratton's parental rights: N.C. Gen. Stat. § 7B-1111(a)(2) (allowing termination of parental rights when a parent has willfully left a child in foster care without demonstrating reasonable progress in correcting the conditions that led to the removal of the child). As a result, even if this Court were to reverse the 31 January 2002 order of adjudication and even if we did not consider the subsequent finding of neglect, the termination of parental rights order would still be binding, the children would not be returned to Mr. Stratton, and there would be no further reunification efforts.

IN RE STRATTON

[159 N.C. App. 461 (2003)]

In short, Mr. Stratton has already received a new, independent adjudication of the neglect issue and any resolution of the issues raised on this appeal will have no practical effect on the existing controversy. The issues regarding the 31 January 2002 order have been rendered moot by the subsequent 10 June 2003 order. We therefore dismiss respondent's appeal. *Southern Bell*, 289 N.C. at 290, 221 S.E.2d at 324 ("When a case becomes moot while on appeal, the usual disposition is simply to dismiss the appeal.").

Dismissed.

Chief Judge EAGLES and Judge MARTIN concur.