592 S.E.2d 597 (2004)
In the Matter of N.B., minor child.
No. COA03-688.
Court of Appeals of North Carolina.
March 2, 2004.
Renae S. Alt, Asheville, for Buncombe County Department of Social Services, petitioner-appellee.
Judy N. Randolph, Asheville, for Pam Gretz, Guardian ad Litem.
M. Victoria Jayne, Hickory, for respondent-appellant mother.
*598 Hall & Hall Attorneys at Law, P.C., by Susan P. Hall and Douglas L. Hall, Newland, for respondent-appellant father.
HUDSON, Judge.
Respondent parents appeal an adjudication order finding abuse, neglect and dependency and a disposition order denying any reunification services and visits, arguing that the court considered inadmissible hearsay, prejudicially delayed entry of the order, and violated respondent parents' due process rights with a deficient transcript of proceedings. For the reasons discussed below, we dismiss respondent parents' appeal as moot.
After respondents appealed the 17 October 2002 adjudication order to this Court, the trial court on 20 October 2003 entered a judgment terminating the parental rights of both respondents. In the order terminating respondents' parental rights, the trial judge specifically noted that, while she relied on some of the evidence presented at the adjudication hearing, she did not rely on the previous adjudication of abuse and neglect itself. Instead, she found two additional grounds to support termination: 1) leaving N.B. in foster care for twelve months without making reasonable progress to correct the conditions that led to her removal, and 2) failing to pay a reasonable portion of the cost of N.B.'s care, although physically and financially able to do so. N.C. Gen.Stat. § 7B-1111(a)(2) and (a)(3) (2001).
This Court has recently addressed the very situation presented here, and held that a pending appeal of an adjudication of abuse and neglect is made moot by a subsequent termination of parental rights based on independent grounds. In re Stratton, 159 N.C.App. 461, 583 S.E.2d 323 (2003). "A case is `moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." Roberts v. Madison County Realtors Ass'n, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996). Because courts will not determine abstract propositions of law, a case should be dismissed "[w]henever during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue." Dickerson Carolina, Inc. v. Harrelson, 114 N.C.App. 693, 697, 443 S.E.2d 127, 131, disc. review denied 337 N.C. 691, 448 S.E.2d 520 (1994) (internal quotation marks omitted). Where an appellant has "received a new, independent adjudication of the neglect issue and any resolution of the issues raised on this appeal will have no practical effect on the existing controversy," the appeal should be dismissed. Stratton, 159 N.C.App. at 324, 583 S.E.2d at 325.
While we acknowledge that the issues raised here could regain life were the subsequent termination of parental rights to be reversed, we are unable to distinguish this case from Stratton, and are bound to follow that decision. In re Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court"). In both cases, an adjudication of neglect was followed by the termination of parental rights, based on independent grounds following a hearing by an independent judge. Thus, because the issues regarding the 17 October 2002 order have been rendered moot by the subsequent 20 October 2003 order, according to Stratton, we dismiss respondent parents' appeal.
Dismissed.
Judge STEELMAN concurs.
Judge TYSON dissents.
TYSON, Judge dissenting.

I. Mootness
I respectfully dissent from the majority's decision to dismiss this appeal as moot. The trial court did not have jurisdiction over DSS's petition to terminate respondents' parental rights ("TPR petition") while the adjudication and disposition order that purportedly gave DSS legal custody over the minor child is properly pending on appeal to this Court. The entry of the TPR judgment does not render this appeal moot.
*599 The two petitions must be considered separately in the case at bar. The first petition ("underlying petition"), from which respondents appeal, is the original petition filed by DSS alleging abuse and neglect of the minor child. The trial court entered judgment on this petition and granted DSS custody of the minor child. Following entry of that judgment and after respondents' appeal was properly taken, DSS filed and obtained judgment on the TPR petition.

II. Jurisdiction
The majority's opinion dismisses this appeal as moot based on the judgment entered on DSS's TPR petition. In re Stratton, 159 N.C.App. 461, 583 S.E.2d 323 (2003). The case here is distinguishable. Stratton did not address the issue of the trial court's jurisdiction to enter judgment on a TPR petition.
This Court may consider, ex mero motu, whether subject matter jurisdiction exists. In re McKinney, 158 N.C.App. 441, 448, 581 S.E.2d 793, 797 (2003).
Under N.C.G.S. § 7B-200(a)(4) (2001), the district court has "exclusive, original jurisdiction over ... [p]roceedings to terminate parental rights." The district court has "exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights [.]" N.C.G.S. § 7B-1101 (2001) [emphasis omitted]. However, in the absence of a proper petition, the trial court has no jurisdiction to enter an order for termination of parental rights. See In re Ivey, 156 N.C.App. 398, 401, 576 S.E.2d 386, 389 (2003) ("trial court erred in [entering order for non-secure custody] ... where no petition had been filed and the trial court did not have jurisdiction over the child"); In re Triscari Children, 109 N.C.App. 285, 426 S.E.2d 435 (1993) (termination of parental rights order vacated for lack of subject matter jurisdiction where petition not verified).
Id. at 445, 581 S.E.2d at 796 (emphasis supplied).

III. Who May File to Terminate
N.C. Gen.Stat. § 7B-1103 sets forth who may properly file a petition to terminate parental rights. The filing of the petition invokes the district court's subject matter jurisdiction. DSS may file a TPR petition only if DSS "has been given custody by a court of competent jurisdiction," or "the juvenile has been surrendered for adoption by one of the parents or by the guardian of the person of the juvenile, pursuant to G.S. 48-3-701." N.C. Gen.Stat. § 7B-1103(a)(3)-(4) (2003). See In re Miller, ___ N.C.App. ___, ___, 590 S.E.2d 864, 866 (Filed January 20, 2004) ("DSS may file a [termination of parental rights] petition only if a court has given DSS custody of the juvenile.").
Here, the trial court's TPR judgment purports to establish jurisdiction because the "child is in the legal custody of Buncombe County DSS." The underlying judgment on appeal is the sole basis for DSS having custody of the child. Respondents have assigned error to this underlying judgment placing the issues of DSS's legal custody and Respondents' parental conduct before this Court. Respondents' appeal of the underlying judgment divested DSS's authority to file the TPR petition and the trial court's power to terminate respondents' parental rights. See RPR & Assocs. v. University of N.C.-Chapel Hill, 153 N.C.App. 342, 346-347, 570 S.E.2d 510, 513 (2002), disc. rev. denied, 357 N.C. 166, 579 S.E.2d 882 (2003) ("[O]nce a party gives notice of appeal, such appeal divests the trial court of its jurisdiction, and the trial judge becomes functus officio."); see also Pate v. Eastern Insulation Service of New Bern, 101 N.C.App. 415, 417, 399 S.E.2d 338, 339 (1991) ("We first note that no written notice of appeal, which would divest jurisdiction from the trial court, had been filed with the clerk....") The minor child's placement in the "legal custody of Buncombe County DSS" is at issue and properly before this Court.

IV. Conclusion
Respondents' assignments of error raise issues that challenge whether DSS properly had "legal custody" under N.C. Gen.Stat. § 7B-1103, a prerequisite to filing the TPR petition. DSS's "legal custody" of the minor child, which purportedly allowed DSS to seek termination, is challenged. Without a final *600 determination of whether DSS properly received "legal custody" of the minor child, the trial court did not have jurisdiction to terminate respondents' parental rights.
The judgment terminating respondents' parental rights does not render appeal of the underlying judgment moot. I vote to reach the merits of this appeal. I respectfully dissent.