McCULLOUGH, Judge.
Respondent mother appeals from an order terminating her parental rights. The pertinent facts are as follows: the Orange County Department of Social Services (Orange County DSS) became involved after receiving a report that respondent, a teenager, was pregnant with a child and that her twenty-two-year-old brother was the father of the child. At that point, a social worker began to offer a number of services for the family, and respondent's brother was charged with statutory rape. In May of 2001, respondent gave birth to her son, R.T.W. Over time, the social worker became concerned about the lack of bonding between the young mother and her child. In August of 2001, those concerns escalated due to the deterioration of the home environment, including the loss of electricity and running water. On 23 August 2001, Orange County DSS assumed custody of all the minors in the household. The case of respondent mother and her infant son, R.T.W., was also adjudicated, and the court found R.T.W. to be dependent.
At a review hearing on 1 November 2001, the court determined that it was in the child's best interests to have visitation and reunification efforts cease. Respondent appealed from this custody review hearing.
On 20 December 2001, Orange County DSS filed a motion in the cause for termination of parental rights. On 29 January 2003, the trial court entered an order terminating respondent's rights. Respondent appeals.
On appeal, respondent argues that the trial court erred in terminating her parental rights because the trial court lacked jurisdiction to terminate parental rights while an earlier order was being appealed. We agree and vacate the order terminating respondent's parental rights.
"Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). This Court has considered the determinative issue in this case, and that decision is controlling. Under our Juvenile Code, during the pendency of an appeal from an earlier order, the trial court's authority over a juvenile is limited to the entry of "a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile or the State." N.C. Gen. Stat. § 7B-1003 (2003) (emphasis added). In interpreting this provision, we have concluded that the termination of parental rights "is a permanent rather than a temporary order affecting the juvenile's custody or placement[.]" In re Hopkins, ___ N.C. App. ___, 592 S.E.2d 22, 25 (2004). Therefore, the trial court does not have jurisdiction to terminate parental rights while a parent's appeal from an earlier order is pending. Id.
In this case, respondent appealed from a custody review order which ceased visitation and efforts to reunify respondent with her child. That order was entered on 1 November 2001. Subsequently, on 20 January 2002, Orange County DSS filed a motion to terminate respondent's parental rights. We are bound by the holding in Hopkins and must conclude that the trial court did not have jurisdiction to terminate respondent's parental rights while her appeal from an earlier order was still pending.
In its brief, petitioner suggests that In re Stratton, 159 N.C. App. 461, 583 S.E.2d 323, appeal dismissed, 357 N.C. 506, 588 S.E.2d 472 (2003) permits the trial court to consider the motion to terminate parental rights in this case. We disagree. In Stratton, we determined that respondent father's earlier appeal from an order adjudicating his children to be neglected and dependent wasrendered moot by a later order which terminated respondent father's parental rights. Id. However, the decision in Stratton does not control the outcome of this case because it does not address "the issue of the trial court's jurisdiction to enter a TPR order during the pendency of an appeal from an earlier order in the same case." In the Matter of J.C.S. and R.D.S., ___ N.C. App. ___, ___ S.E.2d ___ (No. COA03-390, filed 4 May 2004) (emphasis added).
Because the trial court lacked jurisdiction to terminate respondent's parental rights while her appeal from an earlier order in the same case was pending, the order terminating respondent's parental rights is Vacated.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).