TYSON, Judge.
Radisa John Bosiljkanovic ("respondent-father") and Norma Marie Crisco ("respondent-mother") (collectively, "respondents") appeal the trial court's judgment terminating their parental rights ("TPR") over their child, N.M.B. ("the minor"). This is the second appeal of this case to this Court. See In re N.B., 163 N.C. App. 182, 592 S.E.2d 597 (2004). Only respondent-father filed a brief. We dismiss the appeal of respondent-mother and affirm the judgment terminating respondent-father's parental rights.
I. Background
The minor was born to respondents on 15 December 1997 in Florida. The family moved to Asheville, North Carolina, in theSpring of 2001. The family alternated living arrangements between the local shelter and a motel. Respondent-father worked for a horse stable and respondent-mother occasionally worked part-time.
On 21 September 2001, respondents were arrested and charged with possession of drugs. At the time of arrest, respondents were taking a walk with the minor seated in a stroller. The Buncombe County Department of Social Services ("DSS") was notified of the minor's presence at the arrest. Respondents had no family nearby to take custody of the minor. The trial court granted DSS's petition for non-secure custody of the minor.
On 24 September 2001, DSS filed a petition with the trial court and alleged the minor was a neglected and dependent child. The matter was continued until respondents' criminal proceedings were resolved. Respondent-father pled guilty to misdemeanor possession of drugs. The charges against respondent-mother were dismissed.
On 15 April 2002, DSS filed an additional petition claiming the minor was sexually abused and neglected. DSS's basis for the petition involved two issues: (1) the minor's sexual knowledge and behavior was inappropriate for a child her age; and (2) the minor told a therapist that her father did sexual things to her. On 17 October 2002, the trial court found that the minor was a "sexually abused, neglected, and dependent child." The resulting disposition ordered respondents to cease further contact with the minor, a permanent plan of guardianship be established, the minor remain in DSS's custody, and reunification efforts cease. A permanent planning hearing was held on 28 October 2002. Marty and Beverly Audette, relatives of the minor, sought custody following the 17 October 2002 order. The trial court determined the minor's best interests would not be served by granting the Audettes' custody. The permanent plan was changed from guardianship to adoption. A second permanency planning hearing was held on 6 January 2003. The trial court reiterated its previous order that adoption would best serve the minor's interests.
On 24 March 2003, DSS filed a petition to terminate respondents' parental rights. The petition alleged: (1) respondents were arrested for drug possession and child abuse; (2) the minor made sexual statements and acted out sexually; and (3) the minor spoke of sexual acts her father did to her. Both respondents were served, and each answered separately.
On 20 October 2003, the trial court found three statutory grounds existed to terminate both respondents' parental rights to the minor: (1) respondents neglected the minor, and there is "a high probability of continued neglect" if the minor was allowed to return to respondents; (2) respondents failed to correct or show reasonable progress in alleviating conditions at home which led to DSS's initial involvement; and (3) respondents failed to pay a reasonable portion of the minor's cost of care for a continuous sixth month period, even though both were financially able. After finding grounds for termination, the trial court further found that the minor's best interests would not be harmed by terminating herparents' rights. The trial court ordered respondents' parental rights terminated. Respondents appeal.
II. Issues
The issues on appeal are whether: (1) the TPR petition was void for failing to attach a copy of the order giving DSS custody over the minor; (2) the notices regarding the TPR hearing served on respondents were proper; (3) the trial court erred in terminating respondents' parental rights over the minor; and (4) the trial court erred in not conducting a dispositional hearing after the adjudicatory phase.
III. Service and Notice of the TPR Petition
We address respondent-father's first two assignments of error together, as both concern service and notice of the TPR hearing to respondents. Respondent-father contends DSS's petition to terminate his parental rights is void for failing to attach a copy of the order granting custody of the minor to DSS. He also asserts DSS improperly served notice of the TPR hearing on him. We disagree with both contentions.
Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure states:
In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. Any such question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal byobjection noted or which by rule or law was deemed preserved or taken without any such action, may be made the basis of an assignment of error in the record on appeal.
N.C.R. App. P. 10(b)(1) (2004). Assignments of error are not normally considered on appellate review unless an appropriate and timely objection was made before the trial court. State v. Short, 322 N.C. 783, 790, 370 S.E.2d 351, 355 (1988) (citing State v. Reid, 322 N.C. 309, 367 S.E.2d 672 (1988)); N.C. Gen. Stat. § 15A-1446(a) (2003).
Our review of the transcript and record discloses respondents' pretrial objections concerned whether the notices for the TPR proceedings were timely served. The trial court responded by continuing the case for a month and a half, despite both respondents admitting they were not prejudiced by the alleged defect.
We further note respondents did not raise a timely request, objection, or motion specifically addressing respondent-father's first two assignments of error. These assignments of error are not properly before this Court and are dismissed. State v. Grooms, 353 N.C. 50, 65, 540 S.E.2d 713, 723 (2000) (citations omitted), cert. denied, 534 U.S. 838, 151 L. Ed. 2d 54 (2001).
IV. Termination of Parental Rights
A trial court may terminate the parental rights of an individual if it finds one or more of the factors enumerated in N.C. Gen. Stat. § 7B-1111(a) (formerly § 7A-289.32). In re Pierce, 67 N.C. App. 257, 261, 312 S.E.2d 900, 903 (1984). Rule 28(a) of the North Carolina Rules of Appellate Procedure requires assignments of error be presented and argued in the brief in order to obtain appellate review. Love v. Pressley, 34 N.C. App. 503, 514, 239 S.E.2d 574, 581 (1977) (citations omitted), cert. denied, 294 N.C. 441, 241 S.E.2d 843-44 (1978). Any potential issues not brought forth and argued in a party's brief are deemed abandoned. Baker v. Log Systems, Inc., 75 N.C. App. 347, 350, 330 S.E.2d 632, 635 (1985). This Court has recognized this procedural error in termination of parental rights cases. See In re Leftwich, 135 N.C. App. 67, 70, 518 S.E.2d 799, 802 (1999) (assignments of error not addressed or argued in respondent-father's brief were deemed abandoned).
Rule 52(c) of the North Carolina Rules of Civil Procedure states:
When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may be raised on appeal whether or not the party raising the question has made in the trial court an objection to such findings or has made a motion to amend them or a motion for judgment, or a request for specific findings.
N.C. Gen. Stat. § 1A-1, Rule 52(c) (2003). However, the party must assign error and outline the objections in the record on appeal and the party's brief. Sharpe v. Park Newspapers of Lumberton, 317 N.C. 579, 582, 347 S.E.2d 25, 28 (1986) (quoting Whitaker v. Earnhardt, 289 N.C. 260, 264, 221 S.E.2d 316, 319 (1976)).
In the case at bar, respondents' parental rights were terminated based on three grounds: (1) under N.C. Gen. Stat. § 7B-1111(a)(1), respondents neglected the minor and there is a high probability of continued neglect of the minor if she were to return to respondents' care; (2) under N.C. Gen. Stat. § 7B-1111(a)(2), respondents willfully left the minor in foster care for more than twelve months without showing to the satisfaction of the trial court that they made reasonable progress under the circumstances to correct the conditions leading to the removal of the minor from their care; and (3) under N.C. Gen. Stat. § 7B-1111(a)(3), respondents willfully failed to pay a reasonable portion of the cost of care for the minor, despite having the resources to do so, during the six month period preceding the filing of the petition.
Respondent-father has not asserted any assignments of error that would, if allowed, require reversal of the trial court's finding under N.C. Gen. Stat. § 7B-1111(a)(3) (willful failure to pay support). The assignments of error relate solely to the trial court's findings under N.C. Gen. Stat. §§ 7B-1111(a)(1) and (2). N.C. Gen. Stat. § 7B-1111(a) (2003) requires a finding of "one or more" of the grounds warranting termination of parental rights. (emphasis supplied). We do not address the merits of respondent-father's claims under N.C. Gen. Stat. § 7B-1111(a)(1) and (2), as the remaining ground upon which the trial court based its order is not contested. N.C. Gen. Stat. § 1A-1, Rule 52(c). The ground for terminating respondent-father's parental rights under N.C. Gen. Stat. § 7B-1111(a)(3) is unchallenged by respondent-father, is accepted by this Court, and is sufficient to uphold the trial court's decision. Whitaker, 289 N.C. at 264, 221 S.E.2d at 319 ("[D]efendant's failure to except to the findings of the trial judge did not necessarily preclude appellate review on the question of whether the evidence supported the findings of fact. Nevertheless, it was incumbent upon appellant to assign error so as to outline his objections on appeal.")
Respondent-mother failed to submit a brief for appellate review. Her assignments of error are deemed abandoned under Rules 13(c) and 28(a) of the North Carolina Rules of Appellate Procedure. Thompson v. First Citizens Bank & Tr. Co., 151 N.C. App. 704, 706, 567 S.E.2d 184, 186-87 (2002) (citing In re Church, 29 N.C. App. 511, 224 S.E.2d 697 (1976)); N.C.R. App. P. 13(c) (2004); N.C.R. App. P. 28(a) (2004). Her appeal is dismissed.
We affirm the termination of respondent-father's parental rights over the minor based on N.C. Gen. Stat. § 7B-1111(a)(3). This assignment of error is overruled.
V. Dispositional Hearing
Respondent-father contends the trial court erred in not conducting a dispositional hearing following the adjudicatory phase. We disagree.
A TPR proceeding involves a two step process under N.C. Gen. Stat. §§ 7B-1109 and 7B-1110 (2003). A different standard of review is employed at each phase. In re Shepard, 162 N.C. App. 215, 221, 591 S.E.2d 1, 5 (2004). The petitioner must first prove by clear, cogent, and convincing evidence that one or more of the grounds specified by N.C. Gen. Stat. § 7B-1111(a) to terminate parental rights exists. See In re White, 81 N.C. App. 82, 85, 344S.E.2d 36, 38, cert. denied, 318 N.C. 283, 347 S.E.2d 470 (1986); N.C. Gen. Stat. § 7B-1109. If the petitioner establishes one of the grounds, the court then considers, in its discretion, whether terminating the parents' rights is in the best interests of the child. In re Shepard, 162 N.C. at 221, 591 S.E.2d at 5; See In re Carr, 116 N.C. App. 403, 406-07, 448 S.E.2d 299, 301 (1994); N.C. Gen. Stat. § 7B-1110. "[S]o long as the court applies the different evidentiary standards at each of the two stages, there is no requirement that the stages be conducted at two separate hearings." In re Shepard, 162 N.C. App. at 221, 591 S.E.2d at 6 (citing In re White, 81 N.C. App. at 82, 344 S.E.2d at 36).
In the case at bar, the trial court heard testimony and received evidence from all parties during the adjudication phase. Included in the testimony proffered was evidence regarding the best interests of the child. Respondent-father testified that it would be in the minor's best interests to be adopted, so long as she was happy there. Following closing argument by respondents' and petitioner's counsel, the trial court attempted to close the proceeding in order to render a decision following review of the evidence. However, at the suggestion of respondent-father's counsel, the parties agreed to continue the proceeding and offer further evidence concerning the best interests of the child. Respondent-mother testified that she would be satisfied with the minor staying with the foster family. Respondent-father only asked that his previous testimony be considered further during disposition. The record shows the trial court attempted to schedule and hold a separate disposition phase hearing under N.C. Gen. Stat. § 7B-1110, following the adjudication, to address the best interests of the minor. At respondent-father's suggestion, the parties voluntarily chose to offer evidence concerning the minor's best interests during the same hearing. This Court has held that combining the two phases of a TPR hearing is permitted so long as the appropriate standards of review are applied. See In re Shepard, supra.
Respondent-father fails to offer, and our review of the transcript and record does not disclose, any indication that the trial court either improperly adjudicated the case or instituted an incorrect disposition. We further note the two phases were conducted during the same proceeding at respondent-father's suggestion. Crump v. Bd. of Education, 93 N.C. App. 168, 188, 378 S.E.2d 32, 44 ("a party may not assert error based on a course he himself pursued at trial"), cert. denied, 324 N.C. 543, 380 S.E.2d 220 (1989). This assignment of error is overruled.
VI. Conclusion
N.C. Gen. Stat. § 7B-1111(a) allows the trial court to find only one ground by clear, cogent, and convincing evidence to justify terminating an individual's parental rights. Here, the trial court found three of the grounds set forth in N.C. Gen. Stat. §§ 7B-1111(a)(1)-(3). Respondent-father assigned error to only two of these findings. The trial court's findings under N.C. Gen. Stat. § 7B-1111(a)(3) are unchallenged by respondent-father. Respondent-mother did not file a brief and her assignments of error are deemed abandoned. Her appeal is dismissed. The trial court's order terminating respondent-father's parental rights to the minor is affirmed.
Dismissed and Affirmed.
Judges TIMMONS-GOODSON and GEER concur.
Report per Rule 30(e).