LEVINSON, Judge.
The Buncombe County Department of Social Services filed a petition on 14 May 2003 alleging that the minor child A.K. was a neglected child. Following the adjudication hearing, District Court Judge Gary Cash entered an order on 17 February 2004 adjudicating the minor child neglected and awarding legal custody to the Buncombe County Department of Social Services. Respondent father appeals from the 17 February 2004 order.
Later, while respondent father's appeal of the 17 February 2004 order was pending, Judge Cash entered a subsequent order on 22 November 2004 divesting the Buncombe County Department of Social Services of custody, awarding custody to A.K.'s parents, and relieving both the Buncombe County Department of Social Services and the Guardian ad Litem of further responsibility in the case.
Though the 22 November 2004 order is not in the record on appeal, this Court may take judicial notice of the order. See In re Stratton, 159 N.C. App. 461, 462-63, 583 S.E.2d 323, 324 ("As our Supreme Court has held, `[c]onsideration of matters outside the record is especially appropriate where it would disclose that the question presented has become moot, or academic . . . .'")(quoting State ex rel. Utilities Comm'n v. Southern Bell Telephone and Telegraph Co., 289 N.C. 286, 288, 221 S.E.2d 322, 323 (1976)), appeal dismissed, 357 N.C. 506, 588 S.E.2d 472 (2003). The 22 November 2004 order, returning full legal and physical custody to the parents, renders the respondent father's appeal of the 17 February 2004 order moot.
"A case is considered moot when `a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.'" Lange v. Lange, 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (quoting Roberts v. Madison Cty. Realtors Ass'n, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996)). Accordingly, "[w]henever, during the course of litigation it develops that the relief sought has been granted . . . the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." In re Peoples, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978).
Even if the respondent were to prevail in the current appeal, no order of this Court would have any practical effect on any"existing controversy". Accordingly, the issues regarding the 17 February 2004 order have been rendered moot by the subsequent 22 November 2004 order. We dismiss respondent's appeal.
Dismissed.
Judges McCULLOUGH and ELMORE concur.
Report per Rule 30(e).