**IN RE A.S.**

[203 N.C. App. 140 (2010)]

IN THE MATTER OF: A.S.

No. COA09-1386

(Filed 16 March 2010)

**1. Child Abuse and Neglect— fitness and availability to care for child—sufficiency of findings of fact**

Although the trial court properly concluded in a child neglect case that the paternal grandmother was not fit and available to care for the minor child, the order failed to contain findings as to the fitness of respondent father to parent the child. The order was reversed and remanded for a new hearing.

**2. Child Abuse and Neglect— reunification—reasonable efforts**

The trial court erred in a child neglect case by failing to ensure that petitioner DSS used reasonable efforts to reunify the child with either parent. There was no evidence to support the finding that further efforts to reunify would be futile.

**3. Child Abuse and Neglect— cessation of reunification efforts—sufficiency of findings of fact**

The trial court erred in a child neglect case by ceasing reunification efforts without making the appropriate findings required by N.C.G.S. § 7B-507.

Appeal by Respondents from order entered 17 July 2009 by Judge J. Stanley Carmical in Robeson County District Court. Heard in the Court of Appeals 22 February 2010.

*No brief filed for Robeson County Department of Social Services, Petitioner-Appellee.*

*Richard E. Jester, for Respondent-Appellant Father.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Annick Lenoir Peek, Respondent-Appellant Mother.*

*Pamela Newell Williams, for Guardian ad Litem.*

BEASLEY, Judge.

Respondents are the parents of four children, the youngest of which is A.S.[1] (hereinafter referred to as Adam), the subject of the

_____

1. Adam is used to protect the identity of the juvenile.

present appeal. On 18 June 2007 the Robeson County Department of Social Services (hereinafter referred to as Petitioner) filed a juvenile petition alleging that Adam was a neglected juvenile. On 24 August 2007 the court filed an order adjudicating Adam as a neglected juvenile. This Court affirmed the adjudication of Adam and remanded the disposition portion of the order for further findings of fact. *In re A.S.*, 190 N.C. App. 679, 661 S.E.2d 313 (2008), *aff'd per curiam*, 363 N.C. 254, 675 S.E.2d 361 (2009). On 1 July 2009 the court held a hearing for the purpose of reviewing with the parties a proposed order it had drafted in response to this Court's mandate. After receiving input from the parties, the court made some changes and on 17 July 2009 it filed an "Order on Disposition" which continued custody of Adam with Petitioner and changed the permanent plan from reunification to guardianship with a court-approved caretaker. Respondents appealed.

[1] Respondent mother argues that the trial court erred in granting custody of Adam to Petitioner when both Respondent father and paternal grandmother were fit and available to care for him. Respondent father further argues that the trial court erred by awarding custody to anyone other than Respondent father in the absence of evidence or findings of fact and conclusions of law declaring Respondent father to be an unfit parent.

As a condition for receiving federal funding of foster care and adoption assistance, a state is required, *inter alia*, to have a plan for foster care which "provides that the State shall consider giving preference to an adult relative over a non-related caregiver when determining a placement for a child, provided that the relative caregiver meets all relevant State child protection standards." 42 U.S.C. § 671(a)(19) (2009). Consistent with this mandate, our statutes contain several provisions which direct a juvenile court to consider placement with a relative as a first priority. An example of one provision is contained in N.C. Gen. Stat. § 7B-505 (2009), which provides that in entering a custody order or other order for placement outside the home, the court "shall first consider whether a relative of the juvenile is willing and able to provide proper care and supervision of the juvenile in a safe home." If such relative is available, then "the court shall order placement of the juvenile with the relative unless the court finds that placement with the relative would be contrary to the best interests of the juvenile." N.C. Gen. Stat. § 7B-505 (3) (2009). Failure to make specific findings of fact explaining the placement with the relative is not in the juvenile's

best interest will result in remand. *In re L.L.* 172 N.C. App. 689, 704, 616 S.E.2d 392, 401 (2005).

By its fifth finding of fact in the instant order the trial court found:

> That [Adam] does not have any other relatives available for placement at this time that are known to the Robeson County Department of Social Services or that would be able to provide proper care and supervision of [Adam] in a safe home; that during the proceedings involving [Adam's] siblings evidence was presented to the court regarding a grandparent of the children who resides in Robeson County; that the court notes however that the undersigned determined that the grandparent was not an appropriate placement for the siblings due to evidence that the grandparent would not adequately supervise the children from the risk posed by the parents; that court finds that the same reasoning should be applied to consideration of that grandparent in [Adam's] case.

The foregoing finding is the only such finding the court made regarding the fitness of the paternal grandparent to be a custodial parent. As noted within the finding, the court relied heavily upon its finding in proceedings involving Adam's siblings that the paternal grandparent is not an appropriate placement.

We take judicial notice of our records, including appeals that have involved Adam's siblings and the same trial judge. In the most recent appeal we held that the evidence failed to support a finding that neither Respondent father nor the paternal grandmother will be unable to prevent Mother from having unauthorized or unsupervised contact with the children. *In re I.N.B., T.N.B, D.N.B.*, 2009 N.C. App. LEXIS 1672 (No. COA09-742, filed 20 October 2009, unpublished). In the instant order the court expressly relied upon this disavowed finding in making its above-quoted fifth finding of fact.

We also held in our 20 October 2009 opinion that the court erred in granting guardianship of the siblings to a non-relative without finding that Respondent father has acted inconsistently with his constitutional right to parent his children or that he is unfit to parent his children. We noted that the testimony of Petitioner's social worker showed that Respondent father "had not shown any behavior or any type of conduct inconsistent with fully complying with every request petitioner had made of him." *Id.* slip opinion at p. 13. The

IN RE A.S.

[203 N.C. App. 140 (2010)]

social worker testified that Respondent mother had moved out of the home at Respondent father's request "when it became clear that her presence in his home was an impediment to the return of the juveniles to his care." *Id.* slip opinion at p. 12. We also stated that the court's finding "that it is 'highly likely' that respondent-father failed to protect the juvenile from abuse or neglect on other occasions is entirely unsupported by any evidence in the record." *Id.* slip opinion at pp. 13-14. We conclude that the present order shares the same deficiency in its failure to contain findings as to the fitness of Respondent father to parent the children.

**[2]** Respondent mother next contends that the trial court erred by failing to ensure that Petitioner used reasonable efforts in reunifying the child with either parent. For the purposes of the Juvenile Code, "[r]easonable efforts" are defined as:

> The diligent use of preventive or reunification services by a department of social services when a juvenile's remaining at home or returning home is consistent with achieving a safe, permanent home for the juvenile within a reasonable period of time. If a court of competent jurisdiction determines that the juvenile is not to be returned home, then reasonable efforts means the diligent and timely use of permanency planning services by a department of social services to develop and implement a permanent plan for the juvenile.

N.C. Gen. Stat. § 7B-101(18) (2009). In our opinion filed 20 October 2009, we held that Petitioner had not used reasonable efforts in attempting to reunify Adam's siblings with their parents. *In re I.N.B.*, slip opinion at pp. 13-14. The present record is void of any effects Petitioner has made to attempt to reunify Adam with his parents other than continued insufficient efforts Petitioner has made to reunify his siblings with the parents. The record does contain a family assessment of strengths and needs prepared on 23 July 2007 which indicates that Respondent mother's greatest strengths are good coping skills, good parenting skills, access to a strong support network, and utilization of community resources. In contrast, the report shows that Respondent mother's only negative factor was her lack of employment. The court noted the foregoing strengths in finding of fact number eleven. Nevertheless, despite finding that Respondent mother has these strengths, it found that further efforts to reunify Adam with his parents would be futile. We can find no evidence to support the finding that further efforts to reunify would be futile.

**[3]** Respondent mother also contends that the trial court erred in ceasing reunification efforts without making the appropriate findings required by N.C. Gen. Stat. § 7B-507 (2009). This statute requires a court to make one of four findings before placing a child in the custody of a county department of social services, including a finding that "reasonable efforts to eliminate the need for placement of the juvenile shall not be required or shall cease if the court" finds that "[s]uch efforts clearly would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time[.]" N.C. Gen. Stat. § 7B-507(b)(1) (2009). Although the court made a finding of fact that reunification with either of the parents would be futile and inconsistent with Adam's health and safety and his need for a safe and permanent home, we hold, for reasons stated above, that this finding is not supported by the evidence.

For the errors committed, we reverse the trial court's order and remand this matter for a new hearing.

Reversed and remanded.

Judges WYNN and HUNTER JR. concur.