TYSON, Judge.
 

 *195
 
 Respondent-father appeals from an order appointing M.G. ("Ms. Green"), an unrelated individual, as guardian for his minor child, D.S. ("Diana"). The trial court granted guardianship of Diana to a non-relative without explaining why it declined to give placement preference to Diana's paternal grandmother. The court's order is vacated and remanded for a new permanency planning hearing.
 

 I. Background
 

 This case is before the Court for the second time.
 
 In re D.S.
 
 , --- N.C. App. ----,
 
 803 S.E.2d 873
 
 ,
 
 2017 WL 4126964
 
 (2017) (unpublished). The Mecklenburg County Department of Social Services, Youth and Family Services Division ("YFS"), instituted the underlying juvenile case on 9 November 2015, when it obtained non-secure custody of Diana and filed a petition alleging she was a neglected and dependent juvenile. The trial court subsequently adjudicated Diana to be a neglected and dependent juvenile, continued custody of Diana with YFS, and set the primary permanent plan for Diana as reunification with a parent and the secondary permanent plan as guardianship.
 

 In its 20 December 2016 permanency planning and guardianship order, the trial court set the sole permanent plan for Diana as guardianship and appointed Ms. Green as her guardian. Respondent appealed, and this Court concluded the trial court's finding that Ms. Green has adequate resources to care appropriately for Diana was not supported by evidence at the permanency planning hearing.
 
 Id
 
 . This Court vacated the trial court's order and remanded the case for further proceedings.
 

 Id.
 

 *196
 
 The trial court conducted a hearing after remand on 16 October 2017. The court limited the hearing to the issue of whether Ms. Green had the financial resources to appropriately care for Diana. On 2 November 2017, the court entered its order from the hearing
 
 *904
 
 on remand, which it titled "Supplementary Order." The trial court incorporated, in its entirety, the 20 December 2016 permanency planning and guardianship order into the Supplementary Order. The court also made numerous findings of fact regarding Ms. Green's financial ability to care for Diana, and made ultimate findings of fact that Ms. Green was financially able to appropriately care for Diana and understood the legal significance of being appointed as her guardian. The court ordered that the permanent plan for Diana would be guardianship, appointed Ms. Green to be Diana's guardian, re-adopted a detailed visitation schedule for Diana's parents and her paternal grandmother, and relieved the parents' attorneys of further responsibility in this matter. Respondent filed timely notice of appeal from the trial court's order.
 

 II. Jurisdiction
 

 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7B-1001(a) (2017).
 

 III. Issue
 

 Respondent asserts the trial court erred in appointing Ms. Green, a non-relative caretaker of Diana, as Diana's guardian without first finding and showing that it properly considered and rejected her paternal grandmother as a placement. We agree.
 

 IV. Standard of Review
 

 Our review of a permanency planning order entered pursuant to N.C. Gen. Stat. § 7B-906.1 "is limited to whether there is competent evidence in the record to support the findings and whether the findings support the conclusions of law."
 
 In re J.H.
 
 ,
 
 244 N.C. App. 255
 
 , 268,
 
 780 S.E.2d 228
 
 , 238 (2015) (citation omitted).
 

 V. Analysis
 

 A. N.C. Gen. Stat. § 7B-903(a1)
 

 In placing a juvenile in out-of-home care under this section, the court
 
 shall
 
 first consider whether a relative of the juvenile is willing and able to provide proper care and supervision of the juvenile in a safe home. If the court finds that the relative is willing and able to provide proper
 
 *197
 
 care and supervision in a safe home, then the court
 
 shall
 
 order placement of the juvenile with the relative unless the court finds that the placement is contrary to the best interests of the juvenile.
 

 N.C. Gen. Stat. § 7B-903(a1) (2017) (emphasis supplied).
 

 The use of the word "shall" in the statute shows the General Assembly's intent for this requirement to be mandatory.
 
 State v. Johnson,
 

 298 N.C. 355
 
 , 361,
 
 259 S.E.2d 752
 
 , 757 (1979) (citation omitted). This Court has held that before placing a juvenile in an out-of-home placement at a permanency planning hearing, "the trial court was required to first consider placing [the juvenile] with [her relatives] unless it found that such a placement was not in [the juvenile's] best interests."
 
 In re L.L.
 
 ,
 
 172 N.C. App. 689
 
 , 703,
 
 616 S.E.2d 392
 
 , 400 (2005) (construing earlier version of N.C. Gen. Stat. § 7B-903 and precursor statute to N.C. Gen. Stat. § 7B-906.1 (2017) governing permanency planning hearings, N.C. Gen. Stat. § 7B-906 ). "Failure to make specific findings of fact explaining the placement with the relative is not in the juvenile's best interest will result in remand."
 
 In re A.S.
 
 ,
 
 203 N.C. App. 140
 
 , 141-42,
 
 693 S.E.2d 659
 
 , 660 (2010) (citation omitted).
 

 In re L.L.
 
 incorporated the requirement set forth in N.C. Gen. Stat. § 7B-903, that a trial court must and "shall" first give consideration to placement of a juvenile with relatives, before it may order the juvenile into placement with a non-relative by a permanency planning order entered pursuant to N.C. Gen. Stat. § 7B-906 (2003).
 

 Section 7B-906 has been repealed and replaced by N.C. Gen. Stat. § 7B-906.1.
 
 See
 

 2013 N.C. Sess. Laws 129
 
 , §§ 25-26. Subsection 7B-906(d) addressed in
 
 L.L.
 
 contains identical mandatory language authorizing dispositions under N.C. Gen. Stat. § 7B-903, as that in current subsection 7B-906.1(i).
 
 L.L.
 
 is still controlling on this issue.
 
 Compare
 
 N.C. Gen. Stat. § 7B-906(d) (2003)
 
 with
 
 N.C. Gen Stat. § 7B-906.1(i) (2017).
 

 B. YFS' Arguments
 

 YFS argues: (1) Respondent lacks standing to raise this argument; (2) Respondent waived the issue by not raising it in his prior appeal; (3) the issue is mooted due to a subsequent guardianship review order; and,
 
 *905
 
 (4) there are sufficient facts in the record to conclude that the trial court properly considered placement of Diana with her paternal grandmother and concluded such a placement was not in Diana's best interest. We reject these arguments in turn.
 
 *198
 

 1. Standing
 

 YFS cites to this Court's opinion in
 
 In re C.A.D.
 
 ,
 
 247 N.C. App. 552
 
 ,
 
 786 S.E.2d 745
 
 , 752 (2016) to support its argument that Respondent lacks standing to challenge the trial court's failure to properly consider Diana's own grandmother as a placement. In
 
 C.A.D.
 
 , the respondent-mother argued the trial court erred in ceasing reunification efforts in a permanency planning order, because her children should have been placed with the maternal grandparents.
 

 Id.
 

 at 561-63
 
 ,
 
 786 S.E.2d at 751
 
 . We rejected this argument, because the respondent-mother was not aggrieved by the trial court's conclusion, holding:
 

 [T]he maternal grandparents have not appealed the trial court's permanency plan. They do not complain of the court's findings of fact or conclusions of law, and they do not complain they were injuriously affected by the trial court's decision to pursue adoption. Respondent cannot claim an injury on their behalf. Therefore, she has no standing to raise [this] claim.
 

 Id.
 

 at 563
 
 ,
 
 786 S.E.2d at 752
 
 .
 

 In re C.A.D.
 
 is distinguishable from the facts before us. In
 
 C.A.D.
 
 , the maternal grandparents were former custodians of at least one of the children in the juvenile case.
 
 See
 

 id
 
 . at 554-56,
 
 786 S.E.2d at 747
 
 . The maternal grandparents in
 
 C.A.D.
 
 could have appealed from the order at issue, but did not. As a result, the respondent-mother lacked standing to present an argument directly affecting the rights of the maternal grandparents. Here, the paternal grandmother was never a party in the juvenile case and could not have independently appealed from the court's order to protect her own statutory rights. Respondent is not attempting to present a grievance of the paternal grandmother, as in
 
 C.A.D.
 
 , but rather asserting his own interest, as Diana's father, to have the trial court consider a potentially viable relative placement for his daughter before granting guardianship to a non-relative. Respondent has standing to raise this issue on appeal.
 

 2. Waiver
 

 YFS' argument that Respondent waived this issue by not raising it in his prior appeal is similarly misplaced. When an order of a lower court is vacated, those portions that are vacated become void and of no effect.
 
 Friend-Novorska v. Novorska
 
 ,
 
 143 N.C. App. 387
 
 , 393-94,
 
 545 S.E.2d 788
 
 , 793,
 
 aff'd per curiam
 
 ,
 
 354 N.C. 564
 
 ,
 
 556 S.E.2d 294
 
 (2001).
 

 *199
 
 This Court did not limit its holding in the prior appeal to the trial court's guardianship award, but vacated the entire permanency planning order and remanded the case to the trial court for further proceedings.
 
 See
 

 In re D.S.
 
 , --- N.C. App. ----,
 
 803 S.E.2d 873
 
 . The 20 December 2016 permanency planning and guardianship order was void and of no effect. The posture of the case returned to YSF having custody of Diana under prior review and permanency planning orders. The court's new order re-incorporated the findings and conclusions of its 20 December 2016 permanency planning and guardianship order into its new "Supplementary Order," wherein it also made new findings and conclusions regarding Ms. Green's finances. The trial court's re-incorporation of the findings of fact and conclusions of law from the voided order, together with the combination of the two documents, constitutes a single new order that was entered after remand, from which Respondent could raise any argument on appeal. YFS' argument is overruled.
 

 3. Mootness
 

 YFS and the guardian
 
 ad litem
 
 also argue a subsequent guardianship review order, entered 30 November 2017, which ceased all visitation and contact between Diana and the paternal grandmother makes Respondent's arguments moot. We disagree. This order does not moot the issue at hand.
 

 "A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy."
 
 Roberts v. Madison County Realtors Ass'n
 
 ,
 
 344 N.C. 394
 
 , 398-99,
 
 474 S.E.2d 783
 
 , 787 (1996). Further,
 
 *906
 
 "[w]henever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law."
 
 Dickerson Carolina, Inc. v. Harrelson
 
 ,
 
 114 N.C. App. 693
 
 , 697,
 
 443 S.E.2d 127
 
 , 131,
 
 disc. review denied
 
 ,
 
 337 N.C. 691
 
 ,
 
 448 S.E.2d 520
 
 (1994) (internal quotation marks omitted).
 

 In re Stratton
 
 ,
 
 159 N.C. App. 461
 
 , 463,
 
 583 S.E.2d 323
 
 , 324,
 
 appeal dismissed and disc. review denied
 
 ,
 
 357 N.C. 506
 
 ,
 
 588 S.E.2d 472
 
 (2003). Here, the question of whether the paternal grandmother should have been given priority placement consideration, as compelled by the statute, over a non-relative has never been addressed by the trial court and, if addressed, may have a practical effect on the case. Although the facts
 
 *200
 
 relied upon by the trial court to cease the paternal grandmother's visitation may be relevant when this issue is before the trial court, that is an evidentiary question which does not render the matter moot. This matter is properly before us.
 

 4. Best Interest of the Juvenile
 

 YFS asserts there are sufficient facts in the record for this Court to determine that the trial court properly considered placement of Diana with the paternal grandmother and concluded the placement was not in Diana's best interest. In support of this argument, YFS cites generally to prior hearings in the case, YFS' prior interactions with the paternal grandmother, and Diana's bond with Ms. Green.
 

 Both YFS and Respondent are free to put on evidence before the trial court to resolve this issue. The trial court, however, has never made any findings of fact or conclusions of law resolving this issue, which it is statutorily required to do before placing Diana with a non-relative.
 
 See
 

 In re A.S.
 
 ,
 
 203 N.C. App. at 141-44
 
 ,
 
 693 S.E.2d at 660-62
 
 . YFS apparently expects this Court to resolve the factual issue in the first instance, which is beyond the scope of our appellate review.
 
 See
 

 In re J.H.
 
 ,
 
 244 N.C. App. at 268
 
 ,
 
 780 S.E.2d at 238
 
 .
 

 Here, the trial court specifically found that both parents opposed appointing a non-relative guardian for Diana and wished for Diana to be placed with her paternal grandmother if the court determined she could not return to their home. Neither the "Supplementary Order" nor the incorporated 20 December 2016 permanency planning and guardianship order indicate the trial court considered the paternal grandmother as a placement option for Diana.
 

 The trial court relied upon a pre-typed "check-the box" and "fill-in-the-blank" form for the 20 December 2016 permanency planning and guardianship order that does not appear to have a section addressing the statutory requirement that the court must give first consideration to relatives when ordering a juvenile into an out-of-home placement. The court's failure to make any findings or conclusions resolving these issues requires remand.
 
 In re A.S.
 
 ,
 
 203 N.C. App. at 141-44
 
 ,
 
 693 S.E.2d at 660-62
 
 .
 

 The record before this Court suggests that more than eighteen months have passed since the last full permanency planning hearing in this case. The trial court's order is vacated and this matter is remanded for a new permanency planning hearing.
 
 See
 
 N.C. Gen. Stat. § 7B-906.1(a).
 

 Because the order is vacated, it is unnecessary to address the merits of Respondent's second argument that the trial court erred by not stating
 
 *201
 
 in its guardianship order what rights and responsibilities remained with respondent.
 
 See
 
 N.C. Gen. Stat. § 7B-906.1(e)(2).
 

 VI. Conclusion
 

 The trial court's order is vacated and this matter is remanded for a new permanency planning hearing in conformity with the mandates of the statute.
 
 It is so ordered.
 

 VACATED AND REMANDED.
 

 Judges DIETZ and MURPHY concur.